Brothers et ux. *v.* Mitchell et al., Appellants.

*Evidence—Competency of witness—Ejectment.*

In an action of ejectment where the land in controversy is a family graveyard, one of the trustees, who is a member of the family and claims an interest personal to himself as one of the class for whose benefit the trust was created, cannot, after the death of the grantor, testify against the interest of the plaintiffs who claim the land as grantees of decedent.

*Notice—Marks on ground—Constructive notice.*

In an action of ejectment, where plaintiffs claim the land by a deed subsequent in date to defendants' unrecorded deed from the same grantor, a point to the effect that if certain stakes marking corners were visible and readily discovered, plaintiffs were put upon inquiry, is properly refused, where the evidence discloses that the stakes were hid among underbrush and plaintiffs had no actual knowledge of their existence.

*Ejectment—Præcipe—Verdict—Amendment—Practice.*

In an action of ejectment where the præcipe included by mistake more land than plaintiff claims, and a verdict is rendered for plaintiff for the land described in the præcipe, plaintiff may amend his præcipe in the Supreme Court by disclaiming the land included by mistake, and the Supreme Court will then affirm the judgment entered on the verdict.

*Costs—Ejectment—Amendment.*

In such a case the Supreme Court will impose the costs, up to the time of the application for amendment, upon plaintiff, as a condition of the affirmance of the judgment.

Argued May 24, 1893. Appeal, No. 13, July T., 1893, by defendants, Louis Mitchell et al., trustees, from judgment of C. P. Perry Co., Jan. T., 1892, No. 36, on verdict for plaintiffs, James S. Brothers and wife. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Ejectment.

At the trial it appeared that plaintiffs by mistake had included in the præcipe a graveyard to which they made no claim. They filed an amended præcipe, but in the description by courses and distances failed to exclude the graveyard. Both plaintiffs and defendants claimed through Joseph Mitchell, who was dead at the time suit was brought. Plaintiffs claimed under a deed, executed and delivered Sept. 22, 1886, and recorded Sept. 27, 1886. Defendants claimed under a deed executed and delivered May 7, 1886, but not recorded until April 6, 1889.

The deed of May 7, 1886, granted the premises in fee to defendants, as " trustees for the heirs of George Mitchell, Sr., (who died in 1817, and is buried in the 'Mitchell graveyard,') for a period of ten years, to begin with the date of this deed, their places to be filled in case of expiration of the ten years, or in case of death or removal, from some of the other members of the Mitchell family, by a vote of the majority of the whole members of the Mitchell family cast by ballot, . . . to be used as a public burying ground, free to all, subject to such conditions as the trustees shall adopt in order to keep up the fences and otherwise beautify and ornament the said burying ground," concluding with clause of general warranty.

Defendants' counsel offered Louis Mitchell, one of the defendants, who was one of the grantees in the deed of May 7, 1886, by which Joseph Mitchell (now deceased) conveyed the locus in quo to Geo. Mitchell, Louis Mitchell, Charles Mitchell and Sarah Mitchell, as trustees for the heirs of George Mitchell, Sr., (also deceased in 1817,) and proposed to prove by him that, prior to the making of this deed a few days, the grantor, Joseph Mitchell, Silas Wright and others, went upon the ground, surveyed and drove stakes as monuments around the locus in quo, so as to increase the ancient graveyard by the addition of a half acre or more of land thereto. That these monuments remained upon the ground, and were there at the time of the survey (so made in April, 1886) by Silas Wright on the same day that Joseph Mitchell conveyed the entire tract by his deed dated Sept. 22, 1886, to the plaintiff in this action. And to further prove by the witness, that the addition so made to the said graveyard was known to the plaintiffs, as well as the execution of the deed of May 7, 1886, at the time they bar-

gained for the tract with Joseph Mitchell and prior to the deed to them from him.  To be followed by proof that at the very time of the making of the bargain between Joseph and the plaintiffs for the land, it was made known to both the vendees in said deed, and plaintiffs in this action, that there had been a conveyance of the locus in quo on the 7th day of May, 1886, to the aforesaid trustees—the object being to show that the plaintiffs took the title to the entire tract, with knowledge of the previous conveyance of the locus in quo, thus rendering the recording of the deed immaterial and non-important.

Plaintiffs' counsel objected: (1) That the offer does not propose to show that the alleged monuments upon the ground were brought to the notice of both or either of the vendees, in the deed of Sept. 22, 1886, prior to its execution and delivery.  (2) The witness is incompetent to testify, he being a party to the record and the grantor being dead.  Objection sustained and exception. [1]

The court charged in part as follows :

" We say to you that the law is such that it will not affect the title given in the deed to Brothers and wife unless they had notice and knew at the time they purchased from Joseph Mitchell and wife, who had received their deed on the 22d of Sept., 1886, that it had been executed and delivered and conveyed the land now in dispute.  This is the question upon which your verdict in this case depends.  You have heard the witnesses on the stand who testify as to that ; they are Laura E. Mitchell, Taylor Mitchell and Louis Mitchell.  Laura E. Mitchell testified, as you recollect, that she was present when her father, Joseph Mitchell, and Mr. James S. Brothers were bargaining for this land, sitting upon the porch at the homestead, and as to what was said by Joseph Mitchell to James S. Brothers about the graveyard.  If you believe this testimony then Mr. Brothers had notice of the deed of May 7, 1886.  His wife was not present at that time.  This was some days prior to the date of the deed from Joseph Mitchell and wife to the plaintiffs.  I also call your attention to the testimony of Taylor Mitchell and Louis Mitchell, who testified as to the admissions of James S. Brothers to them in regard to his knowledge of this deed of conveyance.  I will not repeat the testimony of either of these witnesses.  You will recollect it for yourselves.

It has been discussed in your hearing by the learned counsel on the one side and the other, and if this testimony satisfies you that James S. Brothers and his wife had knowledge that Joseph Mitchell and wife had conveyed this graveyard as it now exists to the defendants then the plaintiffs are not entitled to recover. But unless you find from the evidence in the case, and you will recollect all the evidence on the one side and the other, that no notice was given to James S. Brothers and wife prior to the time that they purchased this tract of land and accepted the deed of September 22, 1886, then the title to all the lands claimed by the plaintiffs in this action vested in them, notwithstanding a prior deed had been made to these defendants, because if a purchaser of land who does not enter into possession of it fails to record his deed within six months the law says it shall not defeat the right of a subsequent purchaser who takes his title without notice. Here is the point in this case and where it hinges, and accordingly as you find the facts in regard to that your verdict will be. If you find that no notice was given to James S. Brothers and his wife that more land than they admit belongs to the defendants had been conveyed to them as trustees, then your verdict should be for the plaintiffs. But if you find that they did know of this deed of conveyance and knew that the land from the pale fence up to the public road had been conveyed to these defendants as testified to by Laura E. Mitchell and corroborated by the testimony of Taylor Mitchell and Louis Mitchell as to the admissions of James S. Brothers, then your verdict should be for the defendants."

Defendants' point was as follows:

" 1. That a purchaser of land is presumed to have examined the tract before he purchases, and he is therefore chargeable with anything which a reasonable examination would have disclosed, and that if these stakes around the addition to the old graveyard were visible and readily discerned, then it was the duty of Brothers and wife to have inquired about their meaning, and if this inquiry would have led to a knowledge of the previous deed of May 7, 1886, to the trustees, then they are to be treated as having knowledge of the said previous conveyance to the said trustees." Refused. [2]

Verdict for the plaintiffs for " the lands described in the

488 BROTHERS et ux. *v.* MITCHELL et al., Appellants.

Assignments of Error—Opinion of the Court.     [157 Pa.

præcipe." Judgment was entered upon the verdict.    Defendants appealed.

*Errors assigned* were (1) ruling on evidence; (2) instructions; quoting bill of exception and instructions; and (3) to the form of the verdict, as stated in the opinion of the Supreme Court.

*B. F. Junkin, W. A. Sponsler* with him, for appellants, cited : Patterson v. Arthurs, 9 Watts, 152; Wilson v. Cochran, 48 Pa. 111; Smith v. Jenks, 10 S. & R. 153; Stewart v. Speer, 5 Watts, 79; Harrisburg v. Crangle, 3 W. & S. 460; Martin v. Martin, 17 S. & R. 431; Allen v. Flock, 2 P. & W. 159; Tyson v. Passmore, 7 Pa. 273; O'Keson v. Silverthorn, 7 W. & S. 246.

*W. N. Seibert, Chas. H. Smiley* with him, for appellees, cited : Wilson v. Cochran, 46 Pa. 232; Peck v. Jones, 70 Pa. 85; Memmert v. McKeen, 112 Pa. 315.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 2, 1893 :
There was no error in rejecting the offer recited in the first specification ; nor do we think, in view of the evidence, that there was any error in declining to affirm the defendants' first point.    On the subject of constructive notice, etc., to which that point relates, the instructions contained in the general charge were adequate, and all that was warranted by the testimony.

The third and last specification challenges the sufficiency of the verdict as a reliable guide in executing the judgment in favor of plaintiffs.    It alleges that the verdict " is void, in this, that it does not define by a draft or any other paper, what lands the plaintiffs did recover, the jury finding for the plaintiffs the lands described in the præcipe, without saying whether it was the lands described in the original præcipe or the amended præcipe, nor is it material which præcipe, because both præcipes give the plaintiffs the ancient graveyard, whereas it was manifest that it could not be recovered at all by reason of its being visible, open, notorious and readily perceived by a vendee for nearly a hundred years, and hence it was in itself notice."

This position, we think, is well taken.    While the charge of

the court indicates that it was not intended to include in the
verdict the old graveyard or the strips of land added thereto
on three sides thereof, the original as well as the amended præ-
cipe do not appear to harmonize with that intention, and hence,
in executing the judgment in accordance with the verdict upon
which it is based, the old graveyard, as enlarged, would not be
excluded.   Referring to the extent of the plaintiffs' claim, the
learned judge, in his charge, said: " They, however, do not
claim that part of the graveyard that was then fenced.   Sub-
sequently to the deed of conveyance by Joseph Mitchell and
wife to plaintiffs, . . . . this graveyard was enlarged by exten-
sion on three sides, and subsequently a pale fence was erected
around it.   The plaintiffs do not claim to recover even that
much of it, but there was one acre and 29.89 perches of land
lying between the pale fence and the public road, which was
not fenced off, which the plaintiffs now seek to recover.   That
much of it was in no way fenced at the time of the conveyance
from Joseph Mitchell and wife to the plaintiffs.   They don't
seek to recover either the old ground, as it was originally fenced
when Joseph Mitchell owned the land, nor do they seek to re-
cover that which was added to it afterwards on the three sides
up to the line as was explained on the draft.   Therefore, the
land in dispute is that part which lies between the pale fence,
as shown to you on the draft which was exhibited to you and
given in evidence, and the public road, which contains one acre
and 29.89 perches."

In view of this instruction, it is not improbable that the jury
intended to find in favor of the plaintiffs for this last mentioned
piece of land only, and were misled by assuming that the præ-
cipe contained a correct description thereof.   But, however
that may be, the record discloses an error that ought to be cor-
rected either by amendment or reversal of the judgment.   For
the purpose of securing the former and thus avoiding the latter,
the plaintiffs, on the argument, moved for leave to further
amend their præcipe and correct the judgment so as to restrict
their recovery to said last mentioned lot, and thus exclude the
old graveyard and additions thereto.   As expressed in the
motion made and filed here May 24, 1893, their proposed amend-
ment, etc., is as follows: " The plaintiffs in the court below
hereby disclaim any and all lands now inclosed within the

present paled fence, being the lands comprising the ancient graveyard and the addition thereto upon three sides, containing fifty and eleven one hundredths perches (50.11); and expressly declare that in the matter of the above entitled action in the court below, and the verdict of the jury rendered therein, the plaintiffs (appellees here) only claim to have and recover the lands lying between the Newport road and the graveyard (including the addition upon three sides) inclosed within the present paled fence, containing one acre and twenty-nine and eighty-nine one hundredths (1. A. 29.89 Ps.) perches." There cannot be any reasonable objection to this proposed amendment. It is entirely proper even at this stage of the case. It will enable us to affirm the judgment, and at the same time protect the rights of the defendants so far as they are entitled to protection; but, in the circumstances, we grant it only on terms that the plaintiffs pay all costs that have accrued in the court below, as well as in this court, from the time of their ineffectual attempt to amend in the court below to this date. The record being thus amended, there is no reason why the judgment thus restricted should not be affirmed, with costs to be paid by the respective parties, in accordance with this opinion.

The judgment is affirmed accordingly.