# Rudolph, Appellant, *v*. Rudolph.

*Evidence—Competency of witness—Party dead—Acts of May* 23, 1887, *P. L.* 158, *and June* 11, 1891, *P. L.* 287—*Ejectment—Vendor and vendee—Deed.*

Where a plaintiff in ejectment claims title under unrecorded articles upon which all the purchase money has been paid and the defendant claims title as an innocent purchaser without notice under a subsequent recorded deed from the plaintiff's vendor, who was dead at the time of the trial, the plaintiff is not a competent witness to testify that the defendant knew of the articles of agreement and had read them, before he took his deed.

In the above case where the plaintiff calls disinterested witnesses to testify to a relevant matter that occurred before the death of the decedent, and in the presence of plaintiff and defendant, and the defendant then testifies to such relevant matter as a witness for himself, the plaintiff thereupon under the Act of June 11, 1891, P. L. 287, becomes a competent witness to testify on her own behalf as to such relevant matter.

In an action of ejectment where the plaintiff claims under unrecorded full paid articles, and the defendant under a subsequent recorded deed from plaintiff's vendor, the court commits no error in refusing to submit to the jury the question of plaintiff's possession at the date of defendant's deed, where there is scarcely a scintilla of evidence as to such possession and there is evidence that plaintiff actually lived at another place at the time.

Argued Oct. 14, 1903. Appeal, No. 21, Oct. T., 1903, by plaintiff, from judgment of C. P. Jefferson Co., July T., 1900, No. 124, on verdict for defendant in case of Sarah Ellen Rudolph v. Jacob G. Rudolph. Before MITCHELL, C. J., DEAN FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Ejectment for land in Henderson township. Before REED, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial plaintiff offered to prove by Sarah Ellen Rudolph and A. W. Rudolph, her husband, that while they lived on this land that Jacob Rudolph saw and read this article of agreement between McClure and Mrs. Rudolph for this land, and that he knew of it. We further offer to prove by A. W. Rudolph that in a conversation he had with Jacob Rudolph this article of agreement was talked over, and was fully understood and

known by Jacob Rudolph to be in the name of Sarah Ellen Rudolph.

Mr. Truitt : The offer is objected to by the defendant, as incompetent, in that A. M. McClure, our grantor, and the maker of this contract, is dead.

Mr. Cole : It is admitted by the plaintiff for the purpose of this offer that A. M. McClure died November 23, 1896, and further, that he is the grantor.

The Court : It being admitted that A. M. McClure is the direct grantor of both plaintiff and defendant, and that he is dead, we think the plaintiff is incompetent to testify to anything that occurred in his lifetime ; and she being incompetent, her husband would likewise be incompetent. The objection is therefore sustained, the testimony excluded, and a bill of exceptions sealed to the plaintiff. [1]

Mrs. Sarah Ellen Rudolph, called as a witness on the part of the plaintiff, in rebuttal, duly affirmed.

Mr. Cole : We propose to call this witness as to the conversation that is testified to and denied by Jacob G. Rudolph, that they called him to deny, at the house when she was present; we propose to call her under the same rule that the defendant has called Jacob G. Rudolph. They have called a living witness to testify and that makes our witness competent.

Mr. Truitt : Defendant objects, for the reason that the evidence of these witnesses, Fineas Rudolph and Samuel Cramer, was in her favor ; that this witness is the plaintiff in the suit, that the evidence testified to was in her favor, and that therefore she is incompetent.

The Court ; The plaintiff having called witnesses to testify to a certain matter which occurred in their presence and in which the defendant was an active participant, we think the defendant was competent to testify to that same transaction ; but his being called to rebut the testimony of the witnesses thus introduced by the plaintiff, would not render her competent. Her testimony is not rebuttal ; if she were competent at all her testimony would have been introduced, in chief. Of course it could not then have been introduced, nor do we think it can be now introduced. The objection is sustained, the testimony excluded, and a bill of exceptions is sealed to the plaintiff. [3]

The court charged in part as follows:

[But we will say to you, gentlemen of the jury, that under the circumstances we do not think it was incumbent on the defendant to hunt up the plaintiff and enquire how she held the land during the time that she and her husband lived upon it, but under all the evidence bearing on this branch of the plaintiff's case we are constrained to instruct you that it is insufficient to affect the defendant with notice of the plaintiff's title during or at the time he became the purchaser of the land. This leaves for your consideration the single question of whether or not the defendant bought the land with actual notice of the plaintiff's equitable title to the same.] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 3) rulings on evidence, quoting the bill of exceptions; (4) above instruction, quoting it.

*A. L. Cole*, for appellant.—Appellant maintains that the estate of A. M. McClure cannot be adversely affected by the success of the plaintiff in this case or by this testimony offered: Jackson v. Payne, 114 Pa. 67; Brown v. Carey, 149 Pa. 134.

Where a living party defendant is called by the defendants to testify against the plaintiffs with regard to a relevant matter which occurred in their presence prior to the death of one of the defendants, party to the contract, the effect is to render the surviving parties and other persons whose interests were adverse to the right of the defendants competent to testify to that particular relevant matter: Proper v. Campbell, 15 Pa. Superior Ct. 153.

*A. J. Truitt*, with him *W. F. Stewart*, for appellee.—The case of Brothers et ux. v. Mitchell et al., 157 Pa. 484, is our case with the parties reversed and rules adversely to plaintiff's contention: Rudolph v. Rudolph, 17 Pa. Superior Ct. 558; Van Horne v. Clark, 126 Pa. 411; Parry v. Parry, 130 Pa. 94; Rine v. Hall, 187 Pa. 264; Sutherland v. Ross, 140 Pa. 379.

Where a distributee is called as a witness to testify to the facts occurring after the death of the decedent, and is cross-examined by the other side as to matters occurring prior to the death of decedent, he becomes a competent witness for all pur-

poses: Hambleton's Estate, 166 Pa. 500; Shroyer v. Smith, 204 Pa. 310; Cake v. Cake, 162 Pa. 584.

The possession of land such as will dispense with the necessity of recording the deed for it, must be such an occupancy as will afford a stranger to the title an opportunity of making the necessary inquiries respecting it: Green v. Drinker, 7 W. & S. 440; Meehan v. Williams, 48 Pa. 238.

OPINION BY MR. JUSTICE DEAN, January 4, 1904:

One Alexander McClure, from whom both parties in this case claim title, owned a tract of land in Jefferson county. On February 1, 1878, he entered into a written agreement with plaintiff, Sarah Ellen Rudolph, wife of Alexander Wheeler Rudolph, to sell and convey to the wife thirty-seven and one half acres of the land in Henderson township for the consideration of $244, which was paid to McClure in instalments; on June 12, 1880, a balance of $30.18 was paid and the purchase money indorsed on the agreement receipted in full. The wife with the husband moved upon the land about the date of the article and they lived there until 1880 or 1881. The article of agreement was not recorded but remained in possession of the wife who was named in it as the purchaser. There was upon the land a small dwelling house and stable. On August 15, 1881, McClure made a deed for precisely the same consideration, $244, to Jacob G. Rudolph for twenty-five acres, which it is conceded, is part of the thirty-seven and one half acres described in the agreement of sale to Mrs. Rudolph so that, on the face of the papers, McClure clearly sold twenty-five acres of the land twice. · But Jacob G. Rudolph went into possession soon after his purchase and had his deed recorded May 18, 1886. Mrs. Rudolph never had her article of agreement recorded. On December 27, 1899, she brought this ejectment against Jacob G. Rudolph for the land and was met with the defense by him, that he was an innocent purchaser, without notice of the sale by article of agreement, under the recording acts. As the agreement antedated the deed more than three years, it put in Mrs. Rudolph the equitable title, and as the purchase· money was paid in full, she was entitled, as between her and McClure, to a deed of conveyance of the legal title; equity would consider that done which ought to have been done. But her equity here

faces the law of the recording acts.   Jacob, as the second purchaser, was entitled to the protection of notice, constructive if the article had been recorded, actual, if it had not been.   Actual notice to Jacob of the previous sale to her is the reply made by her to his defense and this is the point on which the issue turns ; it is one on which the evidence is conflicting.   The court below submitted it to the jury who found for defendant and plaintiff appeals assigning for error three rulings of the court on admitting evidence offered by defendant, and two rejecting offers of plaintiff.   The suit was tried August 28, 1900 ; it was admitted that McClure, the common grantor, died November 23, 1896.

The plaintiff offered to prove, as part of her case in chief by herself and her husband, that Jacob G. Rudolph, the defendant, before he took his deed knew of the article of agreement between herself and McClure and had read it, and further, that he had talked it over with the husband and thoroughly understood it.   This was objected to by defendant and rejected by the court on the ground that McClure, the common grantor of the land, the thing in action, was dead, and therefore, both plaintiffs and defendants were within the prohibition of section 5 of the act of 1887 ; the part of the section referred to is as follows :

" Nor, where any party to a thing or contract is dead, or has been adjudged a lunatic and his right thereto or therein has passed, either by his own act or by the act of the law to a party on the record, who represents his interests in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of deceased or lunatic party, be a competent witness to any matter occurring before the death of said party," etc.

Appellant argues with much force, that there is no reason why Mrs. Rudolph and her husband should be incompetent to testify to an occurrence between them and Jacob which took place, not in the presence of McClure and to which he was in no respect a party and which he could neither have corroborated nor contradicted if living ; that is, his mouth was not closed by death any more effectually than it would have been closed to this occurrence and conversation if living.   But that the

deceased party's mouth is closed by death to a conversation in his presence, is only one of the reasons for excluding a surviving party to the thing or contract in action; here the common grantor had, practically, made two conveyances of the same land; he may have refunded plaintiffs' money and made the second conveyance to Jacob by direction or with full assent of plaintiffs and under such circumstances as would have estopped them from asserting their equitable title against him or his second grantee to whom he gave a general warranty deed; if that were so, it would not matter even if Jacob had notice of the first grant. The knowledge of the estoppel may have rested with McClure alone; if so, then McClure being dead the effectiveness of his grant to Jacob would turn alone on the evidence of the plaintiffs as to whether Jacob had notice of the article of agreement. While this is an enabling act and we are inclined to give it a liberal construction, we cannot rule as admissible, testimony within its express prohibition and when the very matter of it may be within its reason. Here a party to a thing in action is dead, his right to the land has passed by his own act, which he has expressly warranted to defendant; plaintiffs deny this, and offer to testify in effect that it has not so passed; their interests are therefore adverse to the right of the deceased and they are not competent to testify to matters occurring in his lifetime which if true would make nugatory his second deed. Nor for the same reason is defendant competent.

The cases cited by appellant's counsel do not rule this case on their facts, though some parts of the language used seem to do so. Jackson v. Payne 114 Pa. 67, was a sci. fa. on a mortgage; George Payne the deceased party to the agreement had no interest in the result of a suit on a mortgage given by Joseph Payne. In Brown v. Carey, 149 Pa. 134, the party admitted to testify did not claim adversely to the title of the deceased grantor, McPherson, but in support of it, and his estate could not be affected by the result: Jacob v. Kintz, 177 Pa. 57, we have not been able to find such case in that book; we have many other appeals to consider at this term and cannot take time now to correct counsel's proof reading. What we have said is only repetition of our rulings in Brothers v. Mitchell, 157 Pa. 484, Baldwin v. Stier, 191 Pa. 432, and Crothers v. Crothers, 149 Pa. 201.

Our remarks thus far apply wholly to appellant's first assignment of error. Neither party is a competent witness under the act of 1887. The third assignment raises a different question. Was Mrs. Rudolph, plaintiff, although incompetent at any other stage of the trial, when called to rebut the testimony of Jacob Rudolph, competent? That is the question raised by the third assignment of error. It is argued that at the particular juncture she was made competent for that particular purpose by the act of June 11, 1891. The act, eliding those words which have no bearing on the point before us, is as follows:

"Hereafter in any civil proceeding, although a party to a thing or contract in action may be dead and his right thereto may have passed by his own act to a party on a record who represents his interest, nevertheless any surviving party to such contract whose interest is adverse to the said right of such deceased, shall be a competent witness to any relevant matter although it may have occurred before the death of said party, if, and only if, such relevant matter occurred between himself and another person who may be living at the time of the trial and may be competent to testify, and who does so testify upon the trial against such surviving party or against the person whose interest may be adverse, or if such relevant matter occurred in the presence or hearing of such other living or competent person."

McClure's right to the land had passed by his own act either to Mrs. Rudolph by the article of agreement or to Jacob G. Rudolph by his deed; the grantor in both was dead; both grantees were parties of record; each claimed to represent the grantor's interest in the land, the subject of the contract; each is a survivor to his and her contract with McClure; the interest of either is adverse to the deceased McClure, depending on which has the contract that passed his right to the land. Mrs. Rudolph, the plaintiff, assuming, that she had that right, called Fineas Rudolph and Cramer, disinterested witnesses who testified to a relevant matter that occurred before the death of McClure, but in the presence of Jacob and herself; the relevant matter occurred with Jacob, the surviving party of the deed; by the terms of the act this made him a competent witness to the relevant matter and he was called and testified

in his own behalf concerning the relevant matter; the moment he testified, as concerns Mrs. Rudolph, he was not a party but a witness to the relevant matter, occurring between herself as a surviving party under her article of agreement with McClure and the other persons present; that by the terms of the act renders her competent to testify to the same relevant matter. The peculiarity of this situation was not, probably, contemplated by the framers of the act, that is, that both parties of record antagonistic to each other, should each at the same time be claiming, that the right of the deceased by his own act had passed to him or herself and not to the other as survivor, and that the relevant matter to which the deceased was no party, had occurred between the two survivors, and other parties who were competent witnesses, two of which witnesses were adverse to defendant and one adverse to plaintiff. Not only, after Jacob is called and testifies, is she not excluded by the act but she is within its terms. He is a living witness, no matter how qualified, who has testified to a relevant matter occurring in the lifetime of the deceased party to the contract in action, and also to a relevant matter occurring in her presence and to which she was in one sense a party. At that stage of the trial she was a survivor to McClure's right the same as Jacob and is therefore competent to testify to the relevant matter that the witness Jacob testified to. Not only is she not compelled to silence by the terms of the act, but its purpose is to promote equality. To permit Jacob to testify to the relevant matter to which she was a party and then close her mouth would work gross inequality between them. We think the court erred in rejecting her testimony after Jacob had testified concerning the relevant matter, the reading of the agreement. At that point she was competent to testify to the same occurrence; neither of them was competent to testify to anything else. Jacob testified in denial of what was alleged by Fineas Rudolph and Cramer to have occurred; Mrs. Rudolph could testify in contradiction of Jacob.

After Jacob had testified in chief, counsel for plaintiff, without objection, went entirely outside the line of cross-examination; then counsel for defendant re-examined him without objection as if he were a competent witness for all purposes. Each seemed entirely willing the other should err, if he could

have free course for himself. The court probably did not desire to volunteer rulings against either, therefore the examination of this witness was wholly irregular throughout the most of his testimony. As we have now endeavored to point out how far and only how far, both parties are competent, on a retrial, we do not doubt the learned judge of the court will confine the examination within strict legal limits.

The appellant further complains that the court did not submit to the jury the testimony as to Mrs. Rudolph's possession at the date Jacob took his deed from McClure. As to this, actual occupancy of the property on August 15, 1881, would have been sufficient notice to Jacob to put him on inquiry as to by what right the occupant was in possession; but the evidence as to Mrs. Rudolph's possession that month was very vague; there is ample testimony that she was in possession the year before and probably up to the spring of 1881, but scarcely a scintilla that she was there as late as August, while there is somewhat significant evidence that she actually lived in Dubois during the year 1881. The evidence was not of that character which demanded submission to the jury.

All the assignments of error except the third are overruled; the third is sustained, the judgment is reversed and a v. f. d. n. awarded.