## Montelius *v.* Montelius, Appellant.

*Evidence—Competency of witness—Party dead—Act of June* 11, 1891, *P. L.* 287.

The surviving party to a contract may testify as to matters that occurred in the lifetime of the deceased party, only where there is a person living at the time of the trial between whom and the surviving party the matter relevant to the issued occurred, and where such person is competent to testify and actually did testify to such matter at the trial.

*Ejectment—Evidence—Offer of proof—Practice, C. P.*

Where in the trial of an ejectment defendant makes an offer, which if fulfilled would have prevented binding instructions for plaintiff, and the court without ruling upon the offer says : " All offers will be considered as proven," and immediately directs a verdict for plaintiff, such verdict and the judgment entered upon it will be set aside by the appellate court.

Argued May 23, 1904. Appeal, No. 51, Jan. T., 1904, by defendant, from judgment of C. P. Northumberland Co., Feb. T., 1900, No. 173, on verdict for plaintiffs in case of Walton H. Montelius and Thomas M. Righter, executors of Alfred M. Montelius v. William T. Montelius. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ.　Reversed.

Ejectment for land in the borough of Mount Carmel.

Verdict and judgment for plaintiffs by direction of the court.

*Errors assigned* were (1) in ruling out the evidence referred to in the opinion of the Supreme Court; (2) in giving binding instructions for plaintiffs.

*W. H. M. Oram,* with him *J. E. Bastress,* for appellant.—The plaintiffs were in a position to contradict the witness on the stand by the remaining living witness in the contract, and consequently the witness was competent to testify to the acts and statements of Walton H. Montelius and the court erred in striking out this testimony : Merchants and Mfrs. Bank v. Pizor, 24 Pa. C. C. Rep. 273 ; Gold v. Scott, 5 Pa. Superior Ct. 262 ; Equitable Trust Co. v. Bowen, 201 Pa. 534 ; Fritz's Est., 3 Pa. Superior Ct. 33 ; Irwin v. Patchen, 164 Pa. 51.

There is every element necessary to constitute a valid, equi-

table title in the defendant, to wit: agreement to sell, possession, valuable improvements, acknowledgment of defendant's rights by the vendor and acts of ownership to the knowledge and consent of the vendor with payment of purchase money, and it seems clear that upon this proposition the court was in error in directing the jury to find a verdict for the plaintiffs: Hart v. Carrol, 85 Pa. 512; Reno v. Moss, 120 Pa. 49; Schuey v. Schaeffer, 130 Pa. 16; Jamison v. Dimock, 95 Pa. 52; Hancock v. Melloy, 5 Pa. Dist. Rep. 461; McKee's Est., 31 Pitts. L. J. (N. S.) 309; Galbraith v. Galbraith, 190 Pa. 225; Goodwin v. McMinn, 193 Pa. 646; Seichrist's App., 66 Pa. 237; Squires's App., 70 Pa. 266.

*S. P. Wolverton*, with him *W. B. Faust*, for appellee.—The defendant was incompetent: King v. Humphreys, 138 Pa. 310; Baldwin v. Stier, 191 Pa. 432.

As the evidence of the case stood at the close of the testimony the court could only direct a verdict in favor of the plaintiff: Snavely v. Wagner, 3 Pa. 275; Green v. Watrous, 17 S. & R. 393; Drake v. Brown, 68 Pa. 223; Birkbeck v. Kelly, 19 W. N. C. 422; Wylie v. Mansley, 132 Pa. 65.

OPINION BY MR. JUSTICE BROWN, June 15, 1904:

In this ejectment, brought by the appellees on the legal title of their testator, the appellant, in attempting to sustain his equitable ownership to the property, was incompetent to testify to anything that had occurred during the lifetime of the decedent. Under a general objection, he was permitted to testify to what had taken place between himself and his brother, Walton H. Montelius, during the lifetime of their father; and the plaintiffs then, on the ground of his incompetency to so testify, moved to strike out all of this testimony. The motion was allowed and the testimony embraced in the first assignment of error stricken out, with no exception taken by the defendant to the action of the court in doing so.

It is conceded that, under the act of 1887, the appellant was incompetent to testify to what is alleged to have occurred between him and his brother prior to his father's death, but it is contended by his counsel that, by the Act of June 11, 1891, P. L. 287, he was a competent witness. In the face of the

plain words of that act, it is difficult to understand how such
a position can be seriously taken.    They are, " That hereafter in
any civil proceeding before any tribunal of this commonwealth,
or conducted by virtue of its order or direction, although
a party to the thing or contract in action may be dead or may
have been adjudged a lunatic, and his right thereto or therein
may have passed, either by his own act or by the act of the
law, to a party on a record who represents his interest in the
subject in controversy, nevertheless any surviving or remain-
ing party to such thing or contract or any other person whose
interest is adverse to the said right of such deceased or lunatic
party, shall be a competent witness to any relevant matter, al-
though it may have occurred before the death of said party or the
adjudication of his lunacy, if and only if such relevant matter
occurred between himself and another person who may be living
at the time of the trial and may be competent to testify, and
who does so testify upon the trial, against such surviving
or remaining party or against the person whose interest may
be thus adverse."    The alleged relevant matter here occurred
between the appellant and Walton H. Montelius, who was
living at the time of the trial, but who, if competent to testify,
did not do so against the surviving son whose interest is ad-
verse to the right of their deceased father.    From Roth's
Estate, 150 Pa. 261, decided in 1892, down to Rudolph v.
Rudolph, 207 Pa. 339, we have uniformly held, when it has
been urged that the purpose of the act of 1891 is very broad, that
its words have but one meaning, and that the lips of one who
would have been incompetent before its passage are unsealed
only when its conditions of his competency arise on the trial.
In support of their view counsel for appellant cite Irwin v.
Patchen, 164 Pa. 51, in which case, it is true, the late Justice
GREEN said, " The act authorizes the admission of testimony of
one of the parties to facts transpiring before the death of the de-
ceased party or person, if the relevant matter occurred between
the witness and some other living and competent person."    As
this is not the first time these words have been cited to us to
sustain the position taken by counsel for the present appellant,
it is proper that we should stop any further reference to them
for such a purpose.    The competency of Henrietta Irwin, one
of the plaintiffs, to prove that she had paid certain taxes on the

land in dispute was objected to on the ground that Horace Patchen, under whom the defendants claimed, was dead. In the opinion of the court, immediately preceding the quoted words is a statement that she had made the payments after the death of Patchen, and the careful reader of the case will at once notice that the question of her competency under the act of 1891, was not before the court. In referring to it after it had been cited, the quoted remark, under the circumstances to be regarded as a mere passing one, was made without adding the proper qualifying words, which certainly would have appeared if the question in the present case had been raised.

The second assignment of error must be sustained. It brings to our notice an unusual record. Just before closing his case an offer was made by the defendant " to prove that Walton H. Montelius was the agent and representative of Alfred M. Montelius, whose executors the plaintiffs are ; that in pursuance of authority given by the decedent to his said agent, and directions to that effect, he made a contract with the defendant to purchase the property for him at the sheriff's sale ; and that subsequently the terms of the contract were carried out and the purchase money paid by the defendant, who has remained in possession to the present time." On objection to this, the trial judge, without formally passing upon the offer, simply said : " All offers will be considered as proven," adding, " I will enter a motion for a new trial, and in the meantime the defendant remains in possession of the property." In disposing of this motion he refused to disturb the verdict, and judgment was entered upon it. Whether the defendant's proofs would have come up to his offer, it is not for us to consider. He should have been allowed to submit them in support of it, and, if he had succeeded as proposed in it, in showing that Walton H. Montelius as the agent of the decedent, in pursuance of authority given him by his principal, had made a contract with the appellant to purchase the property in dispute for the latter at the sheriff's sale ; that subsequently the terms of the contract were carried out and the purchase money paid by the appellant, who had remained in possession of the property up to the time of the trial, a verdict could not have been directed for the plaintiffs. This is too clear for discussion, and when the defendant, instead of being permitted to submit his proofs, was

told by the court that all his offers were to be considered as proven, the error in immediately thereafter directing a verdict against him is so manifest that it calls for prompt correction.

Judgment reversed and a venire facias de novo awarded.