## Aaron, Appellant, *v.* Smith et al.

*Assumpsit—Assumpsit for commission—Parole contract—Evidence —Witnesses—Competency—Judgment n. o. v.—Act of June 11, 1891, P. L. 287.*

In an action of assumpsit to recover a commission, based on an alleged parole contract of agency to sell real estate, judgment for defendant non obstante veredicto was properly entered, where it appeared that the proof offered was of a contract different from that alleged in the statement, and that the case rested entirely upon the incompetent testimony of the plaintiff.

The Act of June 11, 1891, makes competent the testimony of the surviving party to a contract, with respect to matters which occurred during the lifetime of the deceased party, only where there is a person living at the time of the trial, between whom and the surviving party the matter relevant to the issue occurred, or if such relevant matter occurred in the presence or hearing of such other living and competent person, and where such person is competent to testify and actually did testify to such matter at the trial.

Argued April 22, 1927. Appeal No. 174, April T., 1927, by plaintiff from judgment of C. P. Westmoreland County, August T., 1924, No. 42, in the case of Albert L. Aaron v. John N. Smith, Jesse Smith and Alva Smith, Administrators of Clement V. Smith, deceased. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on an oral contract of agency to sell land. Before COPELAND, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,500. Subsequently the court upon motion, entered judgment non obstante veredicto in favor of the defendant. Plaintiff appealed.

*Error assigned* was in making absolute the rule.

*Carroll Caruthers,* and with him *James M. Clark,* for appellant.—The plaintiff's testimony was competent: Act of June 11, 1891, P. L. 287; Ash v. Guil, 97 Pa. 493; Dean v. Warnock, 98 Pa. 565; Equitable Trust Co. v. Bowen, 201 Pa. 534; Lockard v. Vare, 230 Pa. 591; Strause v. Braunreuter, 4 Pa. Superior Ct. 263; Strause v. Braunreuter, 14 Pa. Superior Ct. 125; Act of May 23, 1887, P. L. 158; Act of June 29, 1923, P. L. 981; Cleary v. Quaker City Cab Co., 285 Pa. 241; Hill & Co. v. Marriner & Sook, 86 Pa. Superior Ct. 545; Cairns v. Spencer, 87 Pa. Superior Ct. 126; Mullen v. McGeagh, 88 Pa. Superior Ct. 381.

*Christ. C. Walthour,* and with him *John E. Kunkle* and *J. E. Kunkle, Jr.,* for appellees.—Not only was the testimony incompetent, but the contract was improperly pleaded: Act of May 23, 1887, P. L. 158 and Act of June 11, 1891, P. L. 287; Kauss v. Rohner, 172 Pa. 481; Montelius v. Montelius, 209 Pa. 541; Wright v. Hanna, 210 Pa. 349.

OPINION BY HENDERSON, J., July 8, 1927:

The plaintiff's action was brought May 13, 1924, against Clement V. Smith and John N. Smith to recover the sum of $5,600 with interest from October 28, 1919. The action was based on a parol contract set forth in the statement of claim entered into April 1st, 1919, according to the terms of which the defendants agreed with the plaintiff that the latter should act as agent for them in securing a purchaser for a farm in Westmoreland County. One-half of the farm belonged

to Clement V. Smith, and the other half to the heirs of Lewis S. Smith of whom John N. Smith was one. Affidavits of defense denying the employment of the plaintiff were filed by the defendants. Clement V. Smith having died before the trial, his administrators were substituted as parties defendant. At the trial the plaintiff was the first witness called and was permitted to testify, against the objection of the defendants, that he had a verbal contract with Clement V. Smith entered into at the office of Mr. Kunkle in Greensburg in the presence of John N. Smith in June, 1919, in which Clement V. Smith promised to pay the plaintiff $2,500 as commission on the sale of the farm. Sometime thereafter the farm was sold to William G. Blanchard whose attention the plaintiff alleged was brought to the farm by him. No other evidence bearing on the contract was offered by the plaintiff. At the close of the testimony the defendants asked for a compulsory nonsuit for the reason, among others, that the contract proved was not the contract set forth in the statement of claim. Nonsuit having been refused, evidence was offered by the defendants in denial of the alleged contract of June, 1919. The verdict having been rendered for the plaintiff, a rule for judgment non obstante veredicto was obtained and after argument was made absolute, from which judgment the plaintiff appealed. The judgment was entered for the reason that the plaintiff was not a competent witness in the first instance to prove the contract, Clement V. Smith having died before the trial. As there was no other evidence in support of the action, the judgment necessarily followed if the plaintiff's evidence was inadmissible. On that question the authorities are with the court below. The Act of June 11, 1891, P. L. 287, makes competent the testimony of a surviving party to a contract with respect to matters that occurred in the lifetime of the deceased party only where there is

a person living at the time of the trial between whom and the surviving party the matter relevant to the issue occurred, or if such relevant matter occurred in the presence or hearing of such other living and competent person, and where such person is competent to testify and actually did testify to such matter at the trial. It was held in Roth's Estate, 150 Pa. 261, and in Kauss v. Rohner, 172 Pa. 481, that the surviving party is not competent unless the living witness has been called and then to such matters only as he has testified to. In Montelius v. Montelius, 209 Pa. 541, it was said that while the purpose of the Act of 1891 is broad that its words have but one meaning and that the lips of one who would have been incompetent before its passage are unsealed only when its conditions of his competency arise on the trial. In that case one of the parties was dead and no living witness was called to testify to any relevant matter that occurred prior to his death, wherefore the appellant was not competent to testify to what took place prior thereto. The Act applies to conversations or occurrences which took place in the presence or hearing of the witness who has testified and whom it is proposed to contradict: Thomas v. Miller, 165 Pa. 216; Kauss v. Rohner, supra. To the same effect is Rudolph v. Rudolph, 207 Pa. 339. The subject is discussed at some length in Wright v. Hanna, 210 Pa. 349, where the statute is construed to mean that a surviving party is competent to testify to any relevant matter which occurred before the death of the other party, if the transaction occurred in the presence of a person who is living and who testifies against him at the trial, but he is not competent unless the living witness has been called and is then competent only as to such matters as the living witness had testified to. It is clear therefore that the plaintiff was not a competent witness to make out his case at the time he testified and the situation is not

relieved because one of the defendants who was present at the time the alleged contract was made with Clement V. Smith was subsequently called and contradicted the plaintiff's testimony. Except for the admission of the incompetent evidence, it would not have been necessary for the defendants to offer any testimony.

When at the close of the plaintiff's evidence a motion for a compulsory nonsuit was made, the application should have been granted both because of the admission of the incompetent evidence and the admission of testimony in support of a contract not pleaded nor referred to in the statement of claim. As the attention of the court and the counsel for the plaintiff were called to the subject and no application was made for an amendment of the statement, the defendant was not bound to reply to that which he was not summoned to answer. It was said in Wilkinson v. Welde, 196 Pa. 508, that the wise and reasonable requirement that a plaintiff must correctly and accurately set forth the material grounds of his complaint, has, with us, withstood the reforming hand of the modern pleader and the defendant yet knows that he need answer only what is charged against him. In apparent disregard of this the plaintiff, when confronted with the real contract entered into, was, in the face of objection promptly made, allowed to proceed without an amendment of its pleadings to recover upon a different one. We cannot sanction a judgment so recovered. This expression of the Supreme Court is applicable here and would warrant the action of the court below on the record presented if the other reason were not conclusive.

The judgment is affirmed.