## Irwin's Estate.   Irwin's Appeal.

*Competency of witness—Party dead—Widow—Act of May 23, 1887.*

A widow, who is also the administrator of her husband, is incompetent to testify, under the act of May 23, 1887, P. L. 158, that during her husband's lifetime she procured two horses under a contract with him, and that prior to her husband's death she gave the horses to her sons, who claimed them from the estate.

Argued Feb. 7, 1894.   Appeal, No. 30, July T., 1893, by Margaret A. Irwin and James B. Stewart, administrators of Robert Irwin, deceased, from decree of O. C. Chester Co., sustaining exceptions to auditor's report.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Adjudication of administrators' account.

Before the auditor, Geo. M. Rupert, Esq., creditors of Robert Irwin, deceased, claimed that the administrators should be surcharged with the value of two horses which had been omitted from the inventory.   Mrs. Irwin testified that a few years before her husband's death she concluded to procure a couple of colts, ostensibly for the purpose of giving them to her two sons. Accordingly she procured the services of a stallion, owned by a neighbor, for which she paid with her own money.   She also got the consent of her husband for the use of his two mares, that the colts might be foaled and reared.   The agreement with her husband was that the colts should be hers when born.   Sometime after they were foaled Mrs. Irwin gave the colts to her two boys, John A. and Bayard Irwin.

The auditor held that Mrs. Irwin was a competent witness, and refused to surcharge her with the value of the horses.   Exceptions to the auditor's report were sustained, in the following opinion, by HEMPHILL, J.:

" The sons' title to these horses rests entirely upon the testimony of Margaret A. Irwin, their mother, and one of the administrators of their father's estate, and exceptions having been taken to her competency to testify as to the agreement made between herself and her husband, the report was referred back to the auditor to pass upon the question.   The auditor, in his supplemental report, finds Margaret A. Irwin to be a compe-

tent witness, because, first, her interest is not adverse to that of the decedent, and, secondly, she was called to testify against her own interest.   To this finding exceptions have been taken.

" The interest against which Mrs. Irwin testified was that of a creditor of her husband's estate, which, being insolvent, the reduction of the assets by the loss of these horses would consequently reduce her dividend.   If testifying against interest was alone the test of competency, Mrs. Irwin would be a good witness, for the 6th section of the act of May 23, 1887, provides that ' any person who is incompetent under clause (e) of section 5, by reason of interest, may nevertheless be called to testify against his interest, and in that event shall become a fully competent witness for either party.'

" It is not, however, upon the ground of interest that her testimony is objected to, but because her husband, the other party to the contract or agreement, is dead.   Her interest, against which she was called to testify, has arisen since the death of her husband, while the title of both herself and sons to the horses rests upon the agreement made by her with her husband now dead, who cannot therefore testify, and whose rights and interests have passed to his legal representatives.

" In Sutherland v. Ross, 140 Pa. 385, Justice CLARK, delivering the opinion of the court, says : ' In clause (e) of the 5th section of the act of May 23, 1887, it is provided in the plainest manner that where any party to a thing or contract in action is dead and his rights thereto or therein have passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, neither the surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of the deceased party, except in certain specified cases, shall be a competent witness to any matter occurring before his death.'

" Now the thing or matter in action here is the right or title of the sons to the two horses in dispute, which they claim by gift from their mother, and which she alleges she procured from her husband under a contract with him.   Robert Irwin, the decedent, was a party to that contract or agreement, and his rights under it have, by the act of the law, passed to his administrators, parties on the record, who represent his interest in the

subject in controversy; and it follows from the expressed words of the statute that Margaret A. Irwin, who is the surviving or remaining party to the contract or agreement, is not in this case competent to testify to any matter occurring before the death of her husband, who is deceased; for the title of her sons, as well as her own, to these horses, is dependent upon the agreement made between herself and her husband.  Mrs. Irwin was therefore incompetent, not only under the words and settled policy of the statute, but as a person ' whose interest is adverse to the said right of the deceased.' "

*Errors assigned* were action of court (1) in reversing auditor, on question of evidence; (2) ordering surcharge.

*W. S. Harris*, for appellants, cited: 2 Bl. Com. 390, § 1; Act of May 23, 1887, P. L. 158; Weiser's Est., 5 York L. R. 5; Dicks v. McGraw, 151 Pa. 98; Toomey's Est., 150 Pa. 535; Tarr v. Robinson, 158 Pa. 60; Tucker's Est., 27 W. N. 315; Wells v. Tucker, 3 Bin. 366; Thomas v. Maddau, 50 Pa. 261; Robb's Ap., 98 Pa. 501; Stephens v. Cotterell, 99 Pa. 188.

*Gibbons Gray Cornwell*, *R. T. Cornwell* with him, for appellee, cited: Sutherland v. Ross, 140 Pa. 385; Toomey's Est., 150 Pa. 535; Dickson v. McGraw, 151 Pa. 98; Bell v. Farmers' Bank, 131 Pa. 318; Duffield v. Hue, 129 Pa. 94; Fross's Ap., 105 Pa. 266; Com. v. R. R., 1 Gr. 348; Heft v. Ogle, 127 Pa. 250; Tucker's Est., 27 W. N. 315.

PER CURIAM, February 26, 1894: .
The controlling question in this case is whether Margaret A. Irwin, one of the administrators, was a competent witness to testify to the alleged agreement between herself and her husband, since deceased, whereby she became the owner of the two horses which, as she alleges, she afterwards gave to her sons, who, in their own right, claimed them against the estate and obtained possession of them.

The facts upon which the question arose are clearly and concisely stated in the opinion of the learned judge of the orphans' court; and his disposition of the question itself is so satisfac-

tory that nothing can be profitably added to what he has so well said. Having held that, in the circumstances, the witness was incompetent to testify, and thus prove title in herself to the horses which she afterwards gave to her sons, and there being no other proof of said agreement, the order surcharging the administrators with the value of the horses was a necessary sequence.

Decree affirmed, on the opinion of the court below, with costs to be paid by appellants.