Estate of William A. Parry, deceased. Appeal of Joseph Hopkinson, Trustee under the Will of William A. Parry, deceased.

*Decedents' estates—Claim by attorney at law—Liability of estate.*

Where the estate of a decedent is ample, it is liable for services in connection with the transportation of decedent's body from the place of his death in a foreign country to the place of burial, rendered at the request of the widow.

Decedent while traveling with his wife died in India. The widow telegraphed to her attorney in Philadelphia to meet her at Marseilles. The attorney went to Paris and made all arrangements for the transportation of the decedent's body through France to America. He was away fifty-five days from his professional duties. *Held*, (1) that while the attorney's services were not strictly professional, yet he might infer from the telegram that his legal services were required; (2) that the sum of $1,800 was not unreasonable for the services rendered; (3) that the claim should be paid out of the decedent's estate.

Argued April 1, 1898. Appeal, No. 431, Jan T., 1897, by Joseph Hopkinson, from decree of O. C. Phila. Co., April T., 1897, No. 121, dismissing exceptions to adjudication. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to adjudication.

*John G. Johnson*, with him *R. Loper Baird*, for appellant.

*George S. Graham*, with him *Ernest L. Tustin*, for appellee.

OPINION BY MR. JUSTICE DEAN, October 17, 1898:

This is an appeal from a decree of the court below, awarding to Charles A. Chase $1,800 for certain services rendered at the request of the widow of William A. Parry in connection with the transportation of the body of her deceased husband from India to Philadelphia, and its burial at the latter place. It appears that Mr. Parry, his wife being with him on foreign travel, died on February 8, 1896, in India. The next day, she telegraphed to Mr. Chase the fact of death, and for him to meet her at Marseilles, France, for which port she had started, as he understood, with the body of her husband on the steamer Nubia. Having arrived at Paris, he made all necessary arrangements to have the body transported from Marseilles through France, and reshipped to Southampton, and from there to America. As it turned out, the body had not been shipped on the Nubia, but on another vessel, in which it reached England, from which point he had it shipped to America. From his own statement, which is not contradicted, the work he did involved the loss of fifty-five days of time from his professional duties as a lawyer in Philadelphia, caused him to pay considerable money out of his own pocket, and subjected him to no end of vexation. The character of the services performed was not strictly professional; they could have been performed, perhaps, as well by another than a lawyer, yet, before that time, he had been the legal adviser of Mrs. Parry, and he might very well suppose when he received the telegram that she needed legal advice in matters connected with the decease of her husband. For these services and money expended he presented a bill against the estate of $2,500. This was objected to by Mr. Hopkinson, one of the executors, first, because it was excessive, and second, because the services were not rendered for benefit of the estate, but at the request of and for the benefit of the widow. The auditing judge cut the amount of the claim down to $1,800, which sum was awarded, and the court, on exceptions, confirmed the adjudication. From this decree the coexecutor, Hopkinson, appeals. As the auditing judge, with all the parties before him, thought the amount allowed was reasonable, there is nothing in the facts which constrains us to pronounce it excessive.

As to the argument that there is no legal liability on part of

the estate, we do not think it well founded. Where the estate is ample, as here, there is as much reason for subjecting it to reasonable charges for the embalming and transportation of a body from India to the cemetery at Philadelphia as from a dwelling on Walnut street to the same place. Taking into view the liberal provision testator made for his widow, other interested parties, not unreasonably perhaps, think she should have borne this expense of her husband's burial; but she does not think so, and that is the end of the matter. Sentiment is voluntary; we are not here to enforce on widows the enjoyment of it.

The decree of the court below in this particular is affirmed and appeal dismissed, costs to be paid out of the fund.