# Marshall *v.* Marshall, Appellant.

*Contract—Parent and child—Consideration—Natural love and affection—Cross-examination—Evidence.*

Natural love and affection is a sufficient consideration to support a contract by a father to pay to his divorced wife a stipulated sum per month for the support, education and maintenance of his minor son.

Where a suit is brought against the father to recover arrearages of such payments, and the plaintiff when on the stand is cross-examined as to moneys which she had received from the defendant prior to the agreement, she may explain under what circumstances such payments were made to her.

Argued Oct. 5, 1915. Appeal, No. 283, Oct. T., 1914, by defendant, from judgment of Municipal Court, Philadelphia Co., Aug. T., 1914, No. 517, on verdict for plain-

tiff in case of Katie M. H. Marshall v. Charles H. Marshall. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for moneys due under a contract. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $600.00. Defendant appealed.

*Errors assigned* were various rulings and instructions.

*Arthur B. Eaton,* for appellant, cited: Fitler v. Fitler, 33 Pa. 50; McLoughlin v. McLoughlin, 159 Pa. 489.

*Henry N. Wessel,* with him *Alfred Aarons,* for appellee, cited: Biery v. Steckel, 194 Pa. 445; Rodenbaugh v. Rodenbaugh, 17 Pa. Superior Ct. 619; Everson v. Frey, 72 Pa. 326; Adams v. Adams, 32 Pa. Superior Ct. 353; Blaker v. Cooper, 7 S. & R. 500; Fitler v. Fitler, 33 Pa. 50; Morris v. Morris, 8 Pa. Superior Ct. 116; Monongahela, Etc., Coal Co. v. Jutte, 210 Pa. 288.

OPINION BY TREXLER, J., December 20, 1915:

The plaintiff testified that Charles H. Marshall, her former husband, verbally agreed with her to pay $250 a month to keep a home for their boy, $100 to be paid the first week of the month, $100 to be paid the last week of the month, and $50 to be paid in the middle of the month. These payments were to be made until the boy was 21 years of age. After that the plaintiff was to give her $100 a month as long as she lived and as long as the defendant was connected with Wm. H. Hoskins Co.

We are not concerned at present about the $100 to be paid to her after the boy arrived at his majority. The contract is severable. The only question before us is whether Mrs. Marshall is entitled to the unpaid install-

ments which she claims are due her for the maintenance of the boy. We are met with the objection that no consideration, sufficient to support the agreement, is shown. It would seem there could not be much doubt as to the consideration moving Marshall to make the promise he did. The natural love and affection he bore his child and the duty imposed upon him in conscience to help his offspring was enough consideration to support the contract. The courts of our State have uniformly held that a moral obligation is sufficient consideration to support a contract. The latest cases are Rathfon v. Locher, 215 Pa. 571; Young's Est., 234 Pa. 287. Whether the agreement was actually made was of course a matter for the jury and they adopted Mrs. Marshall's version of the affair. Her testimony was, in part, corroborated by that of her former counsel, and it also appeared that the payments heretofore made by the defendant were in accord with her story. The court could not as a matter of law decide that the testimony was insufficient to support the contract.

There are two objections made to the admission of testimony. Neither of them we think has merit. The plaintiff upon the stand was asked by defendant's attorney concerning a suit of clothing which she had bought for the boy. Apparently he had elicited all the information from the plaintiff that he could. All the questions asked were answered. Four times the plaintiff disclaimed exact information as to its cost. Plaintiff's attorney then objected to this line of examination. The objection was sustained and exception noted for defendant. No motion to strike out the testimony was made and the inquiry as to what the mother spent for the education of the boy and as to how he was dressed continued without objection. We cannot see how the ruling of the court injured the defendant, nor can we ascertain upon what the objection to the line of testimony was based. It may have been on the ground of

repetition of questions in regard to the same subject matter and if that were the objection it was well taken.

The other objection was to the inquiry put to the plaintiff as to certain moneys which she had received from her husband. There had been an attempt on the part of the defendant's counsel upon cross-examination of the plaintiff to show that she had received a large sum of money from her husband before the agreement had been entered into. This inquiry was not along the same lines as the examination in chief and might have been objected to as not being cross-examination, but defendant having opened the subject he could not limit the particular extent of the inquiry. It would be manifestly unfair to allow him to ask questions in regard to collateral matters showing financial aid which the wife had received from her husband without permitting her to explain how it happened that he paid her such large sums. She was entitled to do this to correct any wrong impression that may have been left in the minds of the jury as to his liberality to her. See Beck v. Assn., 59 Pa. Superior Ct. 145; Penna. R. R. Co. v. City of Reading, 249 Pa. 19.

Judgment affirmed.