## Jacobs et al., Appellants, v. Krieger.

*Replevin—Evidence—Punitive damages—Value of goods—Act of June 11, 1891 P. L. 287.*

Where, in action of replevin there is no evidence of oppression or misconduct upon the part of the plaintiff, it is error for the Court to submit the question of punitive damages to the jury.

When the title to goods is finally found to be in the party not in possession, the jury shall determine the value thereof to the successful party.

In an action of replevin for a piano delivered upon a bailment lease, it appeared that one of the partners in the plaintiff firm had died after issue joined. In such a case the Court improperly permitted the defendant to testify to an oral agreement, modifying the covenants of the lease, made between the defendant and the deceased partner; the surviving partner not having testified to the agreement and not having been present at the time it was made.

The surviving partner to a contract may, under the provisions of the Act of June 11, 1891, P. L. 287, testify as to matters that occurred in the lifetime of the deceased party, only where there is a person living at the time of the trial between whom and the surviving party the matter relevant to the issue occurred, and where such party is

competent to testify and actually does testify as to such matter at the trial.

The defendant being incompetent to testify, his wife was also incompetent as a witness to anything that occurred during the lifetime of the deceased.

Argued November 18, 1925. Appeal No. 183, October T., 1925, by Defendant from judgment of the Court of Common Pleas No. 1 Philadelphia County, September T., 1922, No. 821, on verdict for plaintiffs in the case of Jennie Jacobs and David Jacobs, partners, trading as S. Jacobs & Son, and David Jacobs, Administrator of said Jennie Jacobs, dec'd v. Simon Krieger. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Replevin for piano. Before McDEVITT, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $700 and judgment thereon. Defendant appealed.

*Errors assigned* were, among others, the various rulings on evidence.

*W. A. Hamilton,* and with him *Chapman & Chapman,* for appellants.

*Rowland C. Evans,* and with him, *Abraham Wernick,* of *Evans and Wernick,* for appellee.

OPINION BY PORTER, J., February 26, 1926:

Jennie Jacobs and David Jacobs, partners trading as S. Jacobs & Son, on December 24, 1919, had delivered a piano to the defendant upon a bailment lease, under the covenants of which the defendant was to pay to the plaintiffs, as total rental, the sum of $700.00, of which $100.00 was to be paid at the time of the signing of the lease and the remaining $600.00 in monthly instalments of $15.00 each. The written agreement contained a covenant providing that if at or before

450    JACOBS et al., Appellants, v. KRIEGER.

the expiration of the lease the lessee desired to purchase the piano, he should have the right to do so upon the payment of such sum as would, with previous payments of rent, amount to the sum of $700.00  The plaintiffs, on September 18, 1922, issued a writ of replevin and filed a declaration averring that the defendant had made default in payment of the monthly instalments of rental and that, as by the covenants of the lease provided, the plaintiffs were entitled to possession of the instrument.  The defendant filed an affidavit of defense which did not deny that he had executed the lease, but averred that he had made payments of rental as by the lease required up until January 24, 1921, when by reason of his financial difficulties he was unable to pay rental at that rate; that he stated this fact to Jennie Jacobs, one of the plaintiffs, and it was thereupon mutually agreed by and between them that the terms of the written contract should be modified and the payments reduced to $5.00 per month and that if defendant would continue to pay thereafter at the rate of $5.00 per month until the balance of the moneys due was paid, the defendant should not be considered in default; that the plaintiffs would accept said sum in substitution for the terms set forth in the written agreement; that the defendant had made the payments of $5.00 per month, as orally agreed upon by him and the said Jennie Jacobs; that he was not in default and that plaintiffs were not entitled to possession of the piano.  The defendant did not give bond and the piano was delivered to the plaintiffs.  Jennie Jacobs, one of the plaintiffs, died after the writ had issued and her death was suggested of record before the trial of the case.  The defendant, upon the trial, recovered a verdict for the sum of $700.00 and the appeal is by the plaintiffs.

The plaintiffs at the trial offered the lease in evidence and then called witnesses, not parties to the

record, to establish that the defendant was in default of payment of rental, as by the written contract required. The plaintiffs did not call David Jacobs, the surviving partner, as a witness, nor did they call any witness who testified with regard to any parol agreement made subsequently to the execution of the written agreement. The plaintiffs introduced no testimony which in any manner referred to the alleged parol agreement between Jennie Jacobs and the defendant (set up in the affidavit of defense), which modified the covenants of the written agreement. This was the condition of the evidence when the plaintiffs closed their case. The defendant was called as a witness in his own behalf, whereupon the plaintiffs objected to his being permitted to testify to any oral agreement, made during the lifetime of Jennie Jacobs, which modified the terms of the written contract. The court overruled the objection, granting an exception to plaintiffs, and the defendant was permitted to testify to conversations between him and Jennie Jacobs (since deceased) which materially modified the covenants of the written contract. The admission of this evidence is here assigned for error. The death of Jennie Jacobs occurred after issue joined in this proceeding. The testimony of the defendant, as to what occurred during the lifetime of Jennie Jacobs, ought not to have been admitted. His testimony clearly disclosed that the matter to which it referred did not occur between him and the other partner, for when called upon to identify David Jacobs, he unequivocally stated that he had never had any business with him and this was in entire harmony with the affidavit of defense which he had filed. It was a clear case of permitting a defendant to testify to matters which had occurred between him and a partner in the plaintiff firm who had died after issue joined in the action. By the express provisions of clause E, sec. 5 of the Act of 1887, P.

L. 158, the defendant was not a competent witness; Lockard v. Vare, 230 Pa. 591; Myers v. Litts, 195 Pa. 595. Counsel for defendant contends, however, that the defendant was a competent witness under the provisions of the Act of June 11, 1891, P. L. 287. That Act provides, in substance, that a party otherwise incompetent may testify as to relevant matter occurring in the lifetime of deceased, if another and competent witness has testified that said relevant matter occurred in his presence and that of the surviving party. "The Act palpably means that the testimony of this competent witness is adverse to the surviving party"; Robbins v. Farwell, 193 Pa. 43. The competency of an interested witness is to be determined by the condition of the evidence in the case when his testimony is offered. "By the Act of June 11, 1891, P. L. 287, a surviving party is made competent to testify to any relevant matter which occurred before the death of the other party, if such matter occurred between the party himself and a person who is living and who testifies against him at the trial,' or if such relevant matter occurred in the presence or hearing of such other living and competent person'. To this should be added the construction given in Roth's Estate, 150 Pa. 261, that the surviving party is not competent unless the living witness has been called, and then to such matters only as he had testified to. The Act applies to conversations or occurrences which took place in the presence or hearing of the witness who has testified and whom it is proposed to contradict: The living witness to the conversation between the decedent and the plaintiff having testified, the plaintiff was competent to contradict him and to state her recollection of what was said"; Kauss v. Rohner, 172 Pa. 481. The surviving party to a contract may, under the provisions of the Act of June 11, 1891, testify as to matters that occurred in the lifetime of the deceased

party, only where there is a person living at the time of the trial between whom and the surviving party the matter relevant to the issue occurred, and where such party is competent to testify and actually does testify as to such matter at the trial; Montelius v. Montelius, 209 Pa. 541; Wright v. Hanna, 210 Pa. 349. The defendant being incompetent to testify, owing to the death of Jennie Jacobs his wife was also incompetent as a witness as to anything that occurred during the lifetime of the deceased; Sheaffer v. Brown, 281 Pa. 114. The second, third and fifth assignments of error are sustained.

The learned judge of the court below charged the jury, as to the damages which they might award in case they found for the defendant, as follows: "If the defendant is entitled to a verdict, he is entitled to recover what he paid, to recover compensation for the loss of use of that piano from the time it was replevied to the present time, and if you think the piano was taken wantonly, without justification, and in a manner entirely unnecessary under the circumstances, then he is entitled to such a sum of money, known as punitive damages, which will punish the plaintiff for his conduct under the circumstances". When the title to the goods, in an action of replevin, is finally found to be in the party not in possession the jury shall determine the value thereof to the successful party; Automobile Finance Co., v. Reese, 73 Pa. Superior Ct. 550. The value of the interest of this defendant in the piano involved in this case, was the value of the instrument at the time it was taken less the amount of the instalments of rental which he would have had to pay in order to make the property his own. The result of the application of this principle in the present case would probably be the same as to allow the defendant for the amount of rentals which he had paid. He had paid $335.00, but the verdict of the jury found

for him in the sum of $700.00, which was the price of the piano when new; it is, therefore, manifest that the jury awarded punitive damages against the plaintiffs. There was in this case no evidence whatever of oppression or misconduct upon the part of the plaintiffs and the learned judge of the court below erred in the instruction above quoted, in submitting to the jury the question whether the defendant was entitled to recover punitive damages. The seventh specification of error is sustained. The other assignments of error do not merit consideration and are dismissed.

The judgment is reversed and a venire facias de novo awarded.