Opinion by
 

 Rhodes, J.,
 

 Plaintiff in this action in assumpsit is the widow of Reinhard Volkwein, and defendant is his executor. Plaintiff sued defendant as executor to recover alleged loans to her deceased husband. Defendant filed an affidavit of defense and a counterclaim for the proceeds of an industrial insurance policy on the life of decedent, containing what is known as a “facility of payment” clause. Plaintiff replied, and at the trial the
 
 *268
 
 issues were submitted to a jury. The jury found for plaintiff for a part of her claim for money loaned, and for defendant on his counterclaim. Plaintiff’s motions for new trial and for judgment n. o. v. were refused, and judgment was entered in favor of defendant for the difference. Plaintiff has appealed.
 

 Appellant’s argument for a new trial is based upon the alleged error of the trial judge in refusing to permit appellant to testify generally as to her loans to decedent. At the trial appellant produced a witness who testified she was present when a loan was made by appellant to decedent. The jury apparently accepted this testimony, but refused to allow recovery beyond the definite amount to which this witness testified.
 

 We are unable to find any merit in appellant’s contention that her offered testimony as to the transactions between herself and her deceased husband was improperly excluded. Under the Act of May 23, 1887, P. L. 158, §5, cl. (e), 28 PS §322, appellant was not a competent witness in support of her claim as a creditor against her husband’s estate.
 
 Sutherland v. Ross,
 
 140 Pa. 379, 385, 21 A. 354;
 
 Irwin’s Estate,
 
 160 Pa. 82, 28 A. 505;
 
 Swieczkowski v. Sypniewski, Ex’r,
 
 294 Pa. 323, 328, 144 A. 141. Appellant, however, claims the benefit of the Act of June 11, 1891, P. L. 287, §1, 28 PS §325, on the ground that when appellee called as a witness Alma Bender, a daughter of decedent, to testify her disqualification was removed. This witness, after testifying to matters relating to the counterclaim, testified that before and after her father’s death appellant told her that the loans had been repaid by decedent. Appellant’s counsel, on cross-examination, asked the witness if decedent had told her about the loans, to which question she answered that he had. Appellant was permitted to deny the testimony concerning her declarations that decedent had repaid the loans; but her contention now is that the testimony of the witness made her fully competent to testify against the decedent’s
 
 *269
 
 estate, and that she should have been permitted, as offered, to again take the stand and testify generally in support of her alleged loans and decedent’s failure to repay them. The offer was properly excluded by the trial judge. Aside from the fact that a party cannot claim the benefit of the Act of 1891 by cross-examining a witness on a matter collateral to the subject to which the witness was not directly called to testify
 
 (Ray’s Estate,
 
 304 Pa. 421, 434, 435, 156 A. 64;
 
 Lorenzo v. Rinn et al., Ex’rs,
 
 298 Pa. 108, 115, 148 A. 53;
 
 Patterson v. Hughes,
 
 236 Pa. 315, 319, 84 A. 829), there is no testimony of the -witness to any occurrence in the presence of appellant, the witness and the decedent, or to any other occurrence which would render appellant generally competent under the act. In order for a surviving party to be competent under the Act of 1S91 to testify to any relevant matter occurring before the death of the other party, the subject matter of the proposed contradicting evidence must be something that occurred between the surviving party and another living and competent person who has testified against the surviving party at the trial, or something that occurred in the presence or hearing of such other living and competent person who has already been adversely called..
 
 Thomas v. Miller, Ex’r,
 
 165 Pa. 216, 220, 30 A. 928;
 
 Kauss v. Rohner, Adm’r,
 
 172 Pa. 481, 488, 33 A. 1016;
 
 Bowman’s Estate,
 
 301 Pa. 337, 342, 343, 152 A. 38;
 
 Jacobs et al. v. Krieger,
 
 87 Pa. Superior Ct. 448, 452;
 
 Aaron v. Smith et al.,
 
 90 Pa. Superior Ct. 565, 568. See, also, 5 Pittsburgh Law Eeview 125, 139, 140. The surviving party is then competent as to those matters only to which such witness has testified.
 
 Roth’s Estate,
 
 150 Pa. 261, 269, 24 A. 685. The act does not confer general capacity to testify to anything simply because it would be contradictory to the testimony of some other witness.
 
 Thomas v. Miller, Ex’r,
 
 supra, p. 220.
 

 In
 
 Bowman’s Estate,
 
 supra, the .decedent’s children testified to conversations with the stepmother who
 
 *270
 
 claimed against the decedent’s will. The stepmother thereby became competent to contradict such testimony, but not for other purposes.
 

 Appellant was not competent generally to prove the alleged loans, but she was properly permitted to deny the statements attributed to her by the witness.
 

 The remaining question relates to appellee’s claim to the proceeds of the policy on the life of decedent paid by the insurance company to appellant who had possession of the premium book and the policy. The policy contained a “facility of payment” clause,
 
 [1]
 
 and the voluntary payment to appellant, who was by the insurance company designated under the provisions of the policy as the person equitably entitled to receive the money, vested in her an absolute property in the proceeds without any liability to account for them to the decedent’s executor.
 
 Althouse v. Roth,
 
 35 Pa. Superior Ct. 400, 405. See, also,
 
 Beard v. John Hancock Mutual Life Ins. Co. of Boston,
 
 326 Pa. 430, 436, 192 A. 411;
 
 Thomas, Adm’r, v. Prudential Insurance Co. of America,
 
 148 Pa. 594, 24 A. 82;
 
 Yelda v. Western & Southern Life Insurance Co.,
 
 99 Pa. Superior Ct. 513. Appellee claims that appellant agreed to use the proceeds of the policy toward payment of the funeral expenses and thereby divested any right that she had therein. There was testimony by the four children of decedent that on the night of his death a family meeting was held which
 
 *271
 
 was attended by them, the appellant, and others; that appellant was asked to find this policy, but was unable to do so at that time; that appellant then agreed verbally to use the proceeds of the policy toward payment of the funeral expenses. This promise she denied. The trial judge instructed the jury that, while appellant could not be required to use this money to pay funeral expenses, she could so agree, and that a binding contract would result. The court below held that appellant’s undertaking was not a nudum pactum on the grounds that the promise was supported by “moral consideration,” and that the doctrine of promissory estoppel applied.
 

 Consideration is generally an essential element of an enforceable contract, and it remains firmly entrenched as one of the fundamental principles of the common law.
 
 Fried v. Fisher et al.,
 
 328 Pa. 497, 500, 196 A. 39. There are but few exceptions to the rule. The appellate courts of this state have recognized “moral consideration” in certain situations as sufficient to support a contract, but it has never been held to apply to a situation such as is present in the instant case. The rule that “moral consideration” is sufficient to support an express promise is limited to cases in which there is a moral obligation founded upon antecedent valuable consideration. Ste
 
 lmack et al. v. Glen Alden Coal Co.,
 
 339 Pa. 410, 415, 14 A. 2d 127; Eestatement of the Law, Contracts, Pa. Ann., §75. Decedent’s estate was primarily liable to pay the funeral expenses, and this duty was upon the executor.
 
 Hodge v. Cameron, Ex’r,
 
 132 Pa. Superior Ct. 1, 5, 200 A. 238; Act of June 7, 1917, P. L. 447, §13 (a), 20 PS §501. The estate was solvent, and the funeral expenses were paid by the executor out of the proceeds of the sale of a portion of the decedent’s real estate not mentioned in his will. Appellant’s promise was gratuitous and without consideration, and hence was not such as the executor of the estate cam enforce. “A moral obligation is defined in
 
 Bailey
 
 
 *272
 

 v. Phila.,
 
 167 Pa. 569 [31 A. 925], to be an obligation ‘which cannot be enforced by action, but which is binding on the party who incurs it, in conscience, and according to natural justice.’ And again, ‘A duty which would be enforceable by law, were it not for some positive rule, which, with a view to general benefit, exempts the party in that particular instance from legal liability
 
 Rathfon v. Locher,
 
 215 Pa. 571, at page 574, 64 A. 790, at page 791. See, also,
 
 Stebbins v. County of Crawford,
 
 92 Pa. 289, 292, 293. Certainly there was no moral obligation to sustain appellant’s promise. Her natural affection for her deceased husband would not be a sufficient consideration, and there was no other. See
 
 Kern’s Estate,
 
 171 Pa. 55, 62, 33 A. 129. As said by Mr. Justice Dean, in
 
 Parry’s Estate,
 
 188 Pa. 38, at page 40, 41 A. 384, at page 385: “Sentiment is voluntary; we are not here to enforce on widows the enjoyment of it.”
 
 Marshall v. Marshall,
 
 61 Pa. Superior Ct. 513, cited by the court below, differs from the instant case. The mother there agreed “to keep a home for their boy” in consideration of receiving $250 per month from the father, and the action against the father by the mother was brought in the lifetime of the father.
 

 The doctrine of promissory estoppel has been adopted in certain fields as a “substitute for consideration,” or as “the equivalent of consideration”
 
 (Allegheny College v. National Chautauqua County Bank of Jamestown,
 
 246 N. Y. 369, 159 N. E. 173, 175), but the present situation does not call for its application. The principle as given in the Restatement of the Law, Contracts, §90, is that “a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.” Such an estoppel will not arise simply from the breach of a promise as to future
 
 *273
 
 conduct. There must be present the fact that the promisee relied upon the promise to his prejudice, and that substantial injustice would result unless the promise is enforced.
 
 Fried v. Fisher et al.,
 
 supra, 328 Pa. 497, 501-503, 196 A. 39, 115 A. L. R. 147, and annotation;
 
 Stelmack et al. v. Glen Alden Coal Co.,
 
 supra, p. 416;
 
 New Eureka Amusement Co. v. Rosinsky,
 
 126 Pa. Superior Ct. 444, 452, 191 A. 412; I Williston, Contracts, Rev. Ed., §§139, 140, pp. 494, 503. See, also,
 
 Union Trust Co. v. Long,
 
 309 Pa. 470, 475, 164 A. 346. The record is barren of any evidence that appellant’s gratuitous promise induced appellee or any other party to forbear seeking the proceeds of the policy from the insurance company; there is no evidence of a forbearance of a substantial and definite nature; neither is there any evidence that any unjust loss could be avoided only by the enforcement of the promise. It was the duty of appellee to pay the funeral expenses from the assets of the estate; and the selection of the one to whom the insurance money was to be paid rested in the discretion of the insurance company under the contract
 
 (Beard v. John Hancock Mutual Life Ins. Co. of Boston,
 
 supra, p. 435). If promissory estoppel is loosely applied, any promise, regardless of the complete absence of consideration, would be enforceable.
 

 Finally, by his argument, appellee seeks to transform the actions of appellant into the creation of an express parol trust, citing Restatement of the Law, Trusts, §28, and
 
 Grits v. Gritz et al.,
 
 336 Pa. 161, 7 A. 2d 1. Nowhere in the record is there any manifestation of an intention by appellant to create a trust. Besides, this is an action in assumpsit, and appellee’s counterclaim is based solely on the breach by appellant of an alleged contract. In any event, an undertaking which is not binding as a contract because of lack of consideration will not be tortured into a declaration of trust. Restatement of the Law, Trusts, Introductory note, p. 63;
 
 *274
 

 Gribbel v. Gribbel et al.,
 
 341 Pa. 11, 14, 17 A. 2d 892;
 
 Wallace’s Estate,
 
 316 Pa. 148, 151, 174 A. 397.
 

 The jury’s verdict was for appellee for the proceeds of the insurance policy in the amount of $380.16, and for appellant in the amount of $212.50. Judgment was entered for appellee for the difference, or $167.66, with interest from March 7, 1940.
 

 The second assignment of error is sustained.
 

 Judgment is reversed, and is here entered for plaintiff in the amount of $212.50, with interest from March 7, 1940.
 

 [1]
 

 The provisions of the policy do not appear in evidence. They do appear in appellee’s counterclaim, and provide, inter alia, as follows: “The company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative hy blood or connection by marriage of the insured, or to any other person appearing to said company to he equitably entitled to the same hy reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall he conclusive evidence that all claims under this policy have been satisfied.”