## Dougherty Estate

*Rocap & Rocap*, for claimant.
*Edward D. McLaughlin*, for accountant.

VAN RODEN, P. J., June 29, 1954.—Exceptions have been filed by the executor of decedent's estate to the adjudication nisi dated May 12, 1954, sur the first

and final account of the executor. In the adjudication nisi the claim of Anna Heffelfinger for reimbursement in the total amount of $1,249 (covering payment of funeral bill of $1,039. and cost of tombstone of $210) was allowed by the auditing judge and the accountant was directed to pay same out of the assets of decedent's estate.

The following excerpt from the adjudication nisi sets forth the disposition by the auditing judge of the claim:

"Testimony relating to the claim was submitted at a hearing in open court on April 12, 1954. From the testimony submitted at the hearing and the other competent evidence in the case, the court finds that Anna Heffelfinger, daughter of the decedent, did pay the sum of $1,039 to John L. Clancy, funeral director, covering payment of decedent's burial expenses, and also paid the sum of $210 to John F. Cullis' Sons for payment of a tombstone for decedent's grave.

"The accountant does not dispute the amount of the bills nor the fact that claimant did in fact pay same. It is his contention, however, as well as the position of decedent's other children, that the claimant was the beneficiary of certain life insurance policies on decedent's life, and that it was decedent's intention that the proceeds of such policy should be applied in payment of his burial expenses. However, it is noted that in item first of his will decedent ordered that his funeral expenses be paid by his executor. The natural inference is that decedent intended the executor to pay such funeral expenses out of the assets of his estate, since no reference was made to payment out of the proceeds of any life insurance policies. Furthermore, the evidence before the court is not sufficient in quantity or quality to impress a trust upon the insurance policies or the pro-

ceeds thereof. On the present state of the record, the court is obliged to conclude that the proceeds of the insurance policies belong to Anna Heffelfinger individually and absolutely. The court further concluded that payment by Anna Heffelfinger of decedent's funeral bill and cost of tombstone for his grave entitled her to reimbursement for same out of the assets of decedent's estate. The court finds that she has not received any payment or payments from the estate on account of such reimbursement to date. Accordingly, the claim of Anna Heffelfinger is hereby allowed by the court in the amount of $1,249, and the accountant is hereby directed to pay same out of the assets of decedent's estate and additional credit is hereby allowed unto the accountant therefor."

The sole exception of the accountant reads as follows:

"The court erred in holding that the evidence before the court is not sufficient in quantity or quality to impress a trust upon the insurance .policies or the proceeds thereof."

There is some question as to the propriety of the filing of such exception on behalf of the executor since he is merely a stakeholder and has no real interest in the controversy. The only persons entitled to complain about the allowance of the claim by the court would be the residuary legatees named in the will. However, this court would be reluctant to dispose of the matter on this procedural point alone and will therefore proceed to a determination of the issue on the merits.

Exceptant relies upon loose declarations purportedly made by claimant to the effect that she intended to use the insurance policies to pay the funeral bill. The strongest evidence in support of exceptant's contention is the testimony of the claimant herself in

response to a question by the auditing judge, said question and answer being as follows:

"By the Court:

"Q Did he tell you why he made you the beneficiary of his insurance?

"A The only thing he would say was I'm leaving everything to Anna, I know I'll get a decent burial if anything should happen. That's the only thing that Daddy would ever say to me."

On the other hand, the insurance policy itself contained no trust provisions and decedent's will contained an express direction to pay his funeral expenses out of the assets of the estate.

After a full and careful review of the testimony and all the other evidence in the case, the court is convinced that the auditing judge properly held that the evidence before the court was not sufficient in quantity or quality to impress a trust upon the insurance policies or the proceeds thereof.

Where a member of decedent's family pays the funeral bill without objection on the part of the personal representative, it is presumed that the personal representative has assented thereto and the estate is liable for reimbursement: France's Estate, 75 Pa. 220 (1874). The situation is not altered by any promise or declaration by the beneficiary that she intended to use the proceeds for payment of the funeral bill, any such promise being without legal consideration: Volkwein v. Volkwein, Exec., 146 Pa. Superior Ct. 265 (1941).

It follows, therefore, that decedent's daughter was entitled to reimbursement for payments made by her on account of decedent's funeral expenses and the cost of his tombstone, and her claim was properly allowed by the auditing judge. Accordingly, the court hereby enters the following

777

*Decree*

And now, to wit, June, 29, 1954, the exceptions to the adjudication nisi of this court dated May 12, 1954, having come on to be heard by the court, and oral argument and written briefs having been submitted thereon to the court, and after a full and careful review of the entire matter, the court being of the opinion that the exceptions are devoid of merit and should not be sustained; it is therefore ordered, adjudged and decreed as follows:

1. The exceptions filed by Edward D. McLaughlin, executor of the estate of Edward F. Dougherty, deceased, to the adjudication nisi of this court dated May 12, 1954, be and the same are hereby dismissed.

2. The adjudication dated May 12, 1954, is hereby ratified and confirmed absolutely.

3. The parties shall bear their respective costs.