Lorenzo *v.* Rinn et al., Executors, Appellants.

Argued October 2, 1929.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*W. C. Pentz,* with him *W. W. Winslow, John J. Pentz* and *Ross H. Pentz,* for appellants.—A physician bringing suit against the estate of decedent for services rendered over a period of seven years to decedent and adult members of his family, should file an itemized statement showing the dates and persons to whom the services were rendered: Boush v. Dreese, 28 Pa. Dist. R. 82.

A suit brought by a physician against a decedent for services over a period of seven years, on a lumping charge, should be looked on with suspicion and it must be established by clear and precise evidence: Mueller's Est., 159 Pa. 590.

Claims against a dead man's estate which might have been made against himself while living are always subject to just suspicion: Gross's Est., 284 Pa. 73.

Where a decedent in his last illness, eight months before his death, directed his physician to render bills for services, and directed his secretary to pay them, and bills were presented for services prior to the request and monthly thereafter, which were paid and receipted by the physician, the physician cannot explain or deny his receipts and such receipts are a bar to recovery for services alleged to be over a long period prior to receipted bills: Crawford v. Oil Co., 189 Pa. 415; Flynn v. Hurlock, 194 Pa. 462; Daly v. Dallmeyer, 20 Pa. Superior Ct. 366; McGahren v. Ins. Co., 28 Pa. Superior Ct. 47; Flaccus v. Wood, 260 Pa. 161.

When a witness called makes proof of a tender made in behalf of decedent's estate, it is (1) competent to develop in cross-examination of the witness the facts related by plaintiff as to the merits of his claim at that time, and then (2) later call the plaintiff, who is other-

wise incompetent as a witness, to relate what he stated to the witness making the tender, thus bringing before the jury the testimony of plaintiff as to the merits of his claim otherwise incompetent: Mueller's Est., 159 Pa. 590; Rudolph v. Rudolph, 207 Pa. 339; Aaron v. Smith, 90 Pa. Superior Ct. 565; Scranton G. & W. Co. v. Weston, 63 Pa. Superior Ct. 570.

A tender made prior to the bringing suit, kept up and money paid into court before trial, is equivalent to a payment before suit is brought: Pennypacker v. Umberger, 22 Pa. 493; Sheehan v. Rosen, 12 Pa. Superior Ct. 298.

*Charles J. Margiotti*, with him *W. M. Gillespie, S. C. Pugliese* and *Edward Friedman*, for appellee.—That the plaintiff was competent to testify and give his version of the conversation notwithstanding the death of S. A. Rinn is clearly sanctioned by the Act of June 11, 1891, P. L. 287, for the reason that the "relevant matter" occurred between himself, S. A. Rinn, "and another person (George Grube) who" was "living at the time of the trial" and did "testify against" plaintiff, "surviving or remaining party," and "such relevant matter occurred in the presence or hearing of such other living or competent person (George Grube)": Jacobs v. Krieger, 87 Pa. Superior Ct. 448; Kauss v. Rohner, 172 Pa. 481; Steel v. Snyder, 295 Pa. 120.

The statute permits the surviving party to contradict or explain the testimony, but not the acts of the living witness.

Receipts, whether "in full" or not, are open to explanation: Cooper v. Cooper, 60 Pa. Superior Ct. 390.

A party will not be permitted to lead out new matter constituting his own case, by the cross-examination of his adversary's witness: Jackson v. Litch, 62 Pa. 451; Markowitz v. Urban, 77 Pa. Superior Ct. 540; Felski v. Zeidman, 281 Pa. 419.

OPINION BY MR. JUSTICE SCHAFFER, November 25, 1929:

This suit was brought by plaintiff, a physician, to recover from the estate of S. A. Rinn the amount claimed to be due for professional services rendered to the deceased in his lifetime, also to his wife and other members of his household. The jury rendered a verdict in plaintiff's favor for $4,721.97, and from the judgment entered thereon the representatives of the estate appeal.

A number of questions are raised by appellants, at least two of which, erroneously decided by the court below against them, require a new trial.

The statement of claim sets forth lumping charges. That the cause of action as thus pleaded could not be maintained was raised at the threshold of the litigation. If this were the first trial of the case, it might well be that we would conclude that the statement of claim was an improper one and send the case back for a more specific itemization of plaintiff's demand, but as it has been tried twice and defendants are now fully apprized of just what they have to meet, we think they will be in no way prejudiced on another trial by this situation.

The testimony discloses that the decedent engaged plaintiff as his family physician in May or June, 1917. He continued so to serve until September 15, 1924, when Mr. Rinn died. It would appear that from the time his engagement started until the beginning of the year 1924, plaintiff had not regularly rendered bills for his services and may not have been fully compensated. In the early part of January, 1924, a conversation took place between plaintiff, Mr. Rinn and George Grube, the latter's secretary, as to which Grube testified that Rinn said to plaintiff that he wanted him to get his bills in monthly, to which the doctor replied not to worry about them, and Rinn answered, "I want you to get your bills in monthly so they can be paid in full," following which he instructed the witness to get the bills and pay them, which he did, giving checks to the doctor for the amount

of them and taking his receipted bills. The first of these reads, "Statement, Punxsutawney, Pa., January 1, 1924, S. A. Rinn, City, to Dr. Frank A. Lorenzo, Physician and Surgeon. Balance on account [these three words in print] to November 30, $26.00. December medical services $118.00. Total $144.00. Received payment 1-26-24. Dr. F. A. Lorenzo." The second is of like tenor, dated February, 1924. "January, 1924, Professional services $141.00." Receipted February 15, 1924. The third bears date March, 1924, and is "For professional services to date [these five words in print] Mar. 1, 1924. February 1st to March 1st, 1924, $140.00" and is receipted March 22, 1924. The fourth, dated April 1, 1924, recites that it is "For professional services to date [this in print]. March medical services $103.00." It is receipted April 4, 1924. The fifth is dated May 1, 1924; in print it recites that it is "For professional services to date" and in writing "For professional services month of April $112.00" and is receipted May 9, 1924. The sixth is dated May 31, 1924, and sets forth in print that it is "For professional services to date" and in writing "For professional services to May 23, $100.00." The receipting signature includes no date, but the check accompanying it is dated June 3, 1924. The seventh is dated June 28, 1924, and sets forth in print "For professional services to date" and in writing "May two days in Pittsburgh $100.00, expenses $6.00. June two trips to Pittsburgh $100.00, expenses $32.00, $238.00." It is receipted June 28, 1924. The eighth and last one is dated September 1, 1924, and recites in print that it is "For professional services to date" and in writing "July medical services $38.00. August medical services $106.00. Total $144.00" and is receipted September 3, 1924. According to the testimony, this was the last bill received prior to the death of Mr. Rinn, which, as before stated, occurred on September 15, 1924. In the light of these receipts, we do not see how it can be successfully maintained that the plaintiff was not paid in

full for his services beginning with the month of November, 1923; the present verdict, however, includes additional charges for services rendered during this period. Under the circumstances, the receipts are controlling as to all services rendered from November, 1923, until September 1, 1924: Crawford v. Forest Oil Co., 189 Pa. 415; Flynn v. Hurlock, 194 Pa. 462; Laughead v. Frick Coke Co., 209 Pa. 368. It is true that a receipt may be explained (Flaccus v. Wood, 260 Pa. 161) ; and also true that in the receipts the words "Balance on account," where they occur, and "For professional services to date" are in print on the form statements, but this did not alter what was expressed. The written part of the receipts indicates just what they covered. When an intelligent professional man signs receipts such as these with his services particularized, he should be held to what they set forth, and it must be concluded in view of what they say that they comprehend his entire charges for the months to which they refer down to September 1, 1924. For his services subsequent to that date it is admitted he had not been paid.

While the record is not in satisfactory shape and the testimony far from convincing as to payments made to him for services before the first receipt dated January 1, 1924, we incline to the view that he may be entitled to recover what they were worth, provided he can establish the amount by competent testimony. Our conclusion in this regard grows out of the fact that from the conversation to which Grube testified between the plaintiff and Mr. Rinn and another talk between the latter and Dr. Ritter there may arise the fair inference that the bills which he was to render were for current months and that he had not been paid in full for his prior services. It does appear that he was paid $113 in November, 1919, and $229.50 in August, 1922, but there are no payments apparently in 1917, 1918, 1920, 1921 nor 1923, in which years it was testified he did render professional services to the deceased. In permitting recovery for the

period covered by the receipts, the court below fell into error.

Another situation which developed on the trial also calls for reversal. Plaintiff was incompetent, under the Evidence Act of 1887, P. L. 158, section 5(e), to testify as to any matter occurring before the death of Rinn, with one exception, hereafter considered. Grube, the witness heretofore referred to, was asked on direct examination about a formal tender of $500 which had been made to plaintiff in payment of bills from September 1, 1924, to September 15th. There was no dispute over the fact that the tender had been made and refused, nor that it was for any other services than those from September 1st to 15th. The only testimony which Grube gave on the subject was that he made the tender, had subsequently brought it into court and again made it, and again it was refused. Notwithstanding this strict limitation of the testimony, appellee's counsel was permitted, over appellants' objection, to conduct an unwarranted cross-examination of the witness in which he was asked whether, following the tender, plaintiff did not outline to the witness all the services he had rendered to Mr. Rinn and his wife and the nature of their diseases from 1917 until the time of Rinn's death, to which the witness replied that he had. This cross-examination should have been excluded. The conversation itself was immaterial to the issues and the questions at best an attempt to build up plaintiff's own case; nor did they constitute a bona fide attack on the witness's testimony, which was not disputed. The ultimate facts contained in that conversation could not be considered by the jury, as they were hearsay and self-serving declarations. Then, under the guise of contradiction of what Grube had said in cross-examination and on the proposition that his testimony made plaintiff a competent witness to testify to all he had said to Grube, he was permitted by the trial judge to give his version of the conversation following the tender, at great length, which thus indi-

rectly brought out in detail his entire claim and the services he had rendered, just as he would have testified had Rinn been living. To permit him so to testify was error, as the evidence was offered to contradict other testimony which in itself was inadmissible and which had been brought out by the plaintiff's own side. No real contradiction was involved. The trial judge admitted the testimony under the Act of June 11, 1891, P. L. 287, which permits a surviving party to testify to matters occurring before the death of an adverse party, where a witness has already testified to the same matters against him. There was, however, no testimony as to any matter occurring before the death of Rinn; it related solely to a conversation after the death. The death of the party could not make admissible what was inadmissible before. The whole procedure was an obvious attempt to allow plaintiff to tell indirectly what he could not state directly, because of his incompetency under the provisions of the Act of 1887, and was irregular under any rule of evidence.

On direct examination, Grube, as has already been mentioned, testified as to the conversation between plaintiff, decedent and himself with reference to the monthly bills; plaintiff was then permitted to give his own version of this particular conversation in rebuttal. This was properly admitted, as his incompetency was to such an extent removed by the Act of 1891.

The third, fifth and seventh assignments of error are sustained and a new trial awarded.