Armitage, Exr., *v.* Ulrich, Appellant.

Argued March 13, 1946.  Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Robert Grey Bushong*, with him *Paul D. Edelman*,
for appellant.

*P. Herbert Reigner,* for appellee.

OPINION BY ARNOLD, J., July 19, 1946:

The plaintiff-executor found among decedent's papers a judgment note, under seal, dated June 2, 1930, for $1000, payable five years after date. It was signed by defendant, who admits she received the money. Decedent died in 1944, i. e., nine years after maturity of the note. Judgment having been confessed on the note, defendant moved to open on the ground of actual payment, and upon the presumption of the fact of payment. After depositions and argument her rule was discharged and she appeals.

As to presumption of the fact of payment, defendant relied upon a showing of the continued solvency of the maker, and that the note had not been entered for the nine years that the plaintiff's decedent lived after the maturity date; that decedent did not make return of the debt for personal property tax, and other matters. On this branch the facts shown are alleged to raise a presumption of the fact, i. e., payment. But here there is no room for the presumption, for the defendant herself called decedent's sister, and proved that decedent himself declared a year before his death that the note was unpaid. The defendant having proved decedent's own statement of the fact of non-payment, no presumption from the negative conduct of the decedent can stand against his express declaration offered by the defendant who wants the presumption.

It was alleged that defendant was a competent witness to testify that she paid the note. This because the plaintiff-executor alleged in his petition for leave to enter judgment [1] that *after decedent's death,* "when shown the original judgment note the [defendant] . . . admitted that the signature thereon was [hers] . . . but

---

[1] Under a rule of court requiring that when a warrant of attorney is more than ten years old, the holder must aver non-payment and have leave of court to enter judgment.

disclaimed any other knowledge of the transaction." But defendant still admits it is her signature. She only denies that on exhibition of the note she disclaimed other knowledge of the transaction. She avers she then said it was paid. She was competent to deny any part of this conversation occurring after the death of the payee. But thereby she was not competent, under the guise of telling the whole and true conversation, to make affirmative evidence for herself as to facts (to wit, payment) occurring prior to payee's death: *Lorenzo v. Rinn et al., Executors,* 298 Pa. 108, 148 A. 53; *Volkwein v. Volkwein, Exr.,* 146 Pa. Superior Ct. 265, 22 A. 2d 81. Her self-serving declaration was not made evidence. The plaintiff's petition did not aver any statement or admission by her made before the death, nor any communication to the decedent.

Under the Competency of Witnesses Act of 1887, P. L. 158, § 5, cl. (e), 28 P. S. 322, the surviving party to a contract cannot testify in a suit brought by the executors, etc., except in certain matters, concerning partners, joint promisors, actions of ejectment, issues devisavit vel non, etc. The Act of 1891 P. L. 287, § 1, 28 P. S. 325, carved an exception, so that the surviving party is a competent witness to any relevant matter occurring before the death of the party, only if such relevant matter occurred between the survivor and another person who testifies against the surviving party, or if such relevant matter occurred in the presence or hearing of the other living or competent person. The defendant was incompetent under the Act of 1887, and did not fall within the exceptions of the Act of 1891 (no one testified against the defendant as to any matter occurring between the deceased and the defendant), nor did she fall within the class of cases such as *Weaver v. Welsh,* 325 Pa. 571, 191 A. 3, and *Drob et al., Admrs., v. Jaffe,* 351 Pa. 297, 41 A. 2d 407, in which the Supreme Court ruled that where a decedent's estate is seeking to recover property allegedly owned by the decedent, and the defendant

in possession of it is bound to admit such ownership, the defendant is permitted to testify that the property was transferred to him as security for a debt. In the present case no property in the possession of the defendant is involved.

The order discharging the defendant's rule to open the judgment is affirmed.