## Lohbrandt, Executrix, v. Smiley

*Maxwell H. Cohen*, for plaintiff.
*Edwin Krawitz*, for defendants.

DAVIS, P. J., November 12, 1965.—Plaintiff, Martha B. Lohbrandt, is the executrix of the estate of Marvin

L. Webster. She has brought this action in assumpsit for money alleged to have been lent by her decedent to defendants, Leonard T. Smiley, S. Margaret Smiley, his wife, and High Mount Lodge & Cottages, Inc. Counsel for defendant has filed preliminary objections to the complaint, comprising a motion for more specific pleading and a motion to dismiss in the nature of a demurrer.

Counsel complains that the complaint does not set forth whether the agreement was oral or in writing, pursuant to Pennsylvania Rule of Civil Procedure 1019 (h), and cites Rich v. Kehler, 47 Schuyl. 168 (C. P. Schuylkill Co., 1951). This decision was contrary to that in Bailey v. Heiser, 47 Schuyl. 180 (C. P. Schuylkill Co., 1951), and was expressly overruled in Schuster v. Gilberton Coal Co., 60 Schuyl. 72 (C. P. Schuylkill Co., 1964). The question was carefully considered in Higgins Industries, Inc. v. Bastian, 7 D. & C. 2d 93 (C. P. Lehigh Co., 1956), where President Judge Henninger said, at pages 95 and 96:

". . . [W]e have held on at least four occasions (Heller v. Turner, 24 Lehigh 333, 334; Gatti v. Roller-Smith Corp., 116 April term, 1954; Semmel v. Frumer, 26 Lehigh 83; Koch v. Coster, 314 January term, 1952), that it was improper to fail to state whether a claim was based on an oral or a written agreement. In none of these cases did we discuss the problem and in all either the impropriety was conceded by the pleader or the pleading was stricken off for other reasons as well.

"We are now faced by dicta of both Goodrich-Amram, Procedural Rules Service, 1019 (h)-1, and Anderson, Pennsylvania Civil Practice, 1956 Pocket Part, page 112, referring to 2 Anderson 394, that it is not necessary to aver that a contract is oral when that is the case and that when no statement is made, it will be presumed that the contract is oral. This proposition

is supported by a host of cases: Ledondici v. Wartella, 41 Luz. 319; Robinson v. Burrell, 32 Westmoreland 249; Brookside Dist. Products Corp. v. Monarch Wine Co., 72 D. & C. 533; Bailey v. Heiser, 47 Schuyl. 180; Menefee-Scott v. Vallamont Planing Mill, 3 Lycoming 265; Ruegg v. River Lane Knitting Mills, 2 Bucks 52; Lenher v. Boyer, 24 Northumb. 139; Feinberg v. Moe, 40 Del. Co. 104; Raphael v. de Sager, 53 Lanc. 277; Toluba v. Hudson Coal Co., 88 D. & C. 46; Robinson v. Arronson, 3 D. & C. 2d 175; Korona v. Bensalem Twp., 5 Bucks 142.

"There are cases contra, notably Laska v. Winter, 79 D. & C. 170, 178, but the great weight of authority is for the Goodrich-Amram and the later Anderson interpretation. . . .

"While the cases cited are not controlling, they are persuasive and we yield to the consensus of our distinguished brethren who hold that silence is permissible unless the contract sued upon is in writing".

A number of more recent decisions are in accord with Higgins Industries, Inc. v. Bastian, 7 D. & C. 2d 93; United Interchange, Inc. v. Spangler, 3 Adams 187 (C. P. Adams Co., 1961); Goodyear Aircraft Corp. v. Thiokol Chemical Co., 13 Bucks 92 (C. P. Bucks Co., 1963); Albaugh v. Stackpole Co., 80 Dauph. 171 (C. P. Dauphin Co., 1963); Wampler v. Stauffer, 82 Dauph. 390 (C. P. Dauphin Co., 1964). Compare, however, Berkebile v. Brantley Helicopter Corp., 35 D. & C. 2d 124 (C. P. No. 4, Phila. Co., 1964), where the court applied the strict interpretation of Pa. R. C. P. 1019-(h) without discussion. In that case, the death of plaintiff's decedent resulted from the breaking of a defective rotor blade, and plaintiff's survival action and action for wrongful death were predicated upon a warrant of fitness which could have been oral, written, express, implied, or based on statutory provision. At the present time, we do not have the benefit of any

authoritative appellate ruling on this point. We call attention, however, to comment in Harvey Probber, Inc. v. Kauffman, 181 Pa. Superior Ct. 281 (1956), where Judge Carr said, at page 285:

"Much is made of the fact that the complaint does not specify whether the alleged contract was written or oral. If the complaint does not so specify, the inference is that it is oral. See Goodrich-Amram, sec. 1019-(h)-1. The objections to the form of the pleadings should have been raised by preliminary objections and are not properly before us on appeal."

In the light of the foregoing authorities, we think that it was not necessary for plaintiff to aver that the loan contract was oral rather than written, and we adopt the inference that the contract was, in fact, oral.

Next, counsel objects that the complaint fails to state the place at which the alleged loans were made, citing Pa. R. C. P. 1019(f). Again, we are confronted with divided authorities. Strict interpretation of the rule was made in McNulty v. Honse, 41 Westmoreland 231 (C. P. Westmoreland Co., 1959); and Voluck v. Burn Brae Golf, Inc., 29 D. & C. 2d 750 (C. P. No. 1, Phila. Co., 1962). A liberal interpretation is found in Zelger v. Everhart, 76 York 91 (C. P. York Co., 1962), where Judge Buckingham said, at pages 91 and 92:

". . . Defendant is puzzled because Paragraph 8 of the Complaint fails to aver the place of the making of the oral contract, fails to set forth what products were the object of the arrangement and fails to state the exact nature of the relationship between the parties to the oral contract. While it is true that the place of the making of the oral contract is not alleged in the Complaint, we are of the opinion it was not necessary to do so under these circumstances. If in fact such a contract was made, certainly the Defendant must know the place where it is made since both parties are York

County residents and the farm in question is situated in York County. In any event, we cannot conceive of any possible importance or materiality of the place of the contract to the Defendant's case. There is precedent for the proposition that in the absence of any indication that the place of the contract may be material to the Defendant it is not necessary that such place be averred in the Complaint. 2A Anderson, Pennsylvania Civil Practice, Section 1019.61, Page 105 citing Higgings [sic] Industries, Inc. v. Bastian, 7 D. & C. 2d 93."

We would be inclined to apply Judge Buckingham's interpretation to the instant case if the factor of averment of place of contract stood alone, but we find that it is intertwined with additional factors which will be made apparent in considering the motion in the nature of a demurrer.

In that connection, counsel for defendants seeks to make two points: (1) That plaintiff fails to state a cause of action because the word "loaned" is a legal conclusion rather than the statement of an essential fact; and (2) that the complaint fails to set forth the facts under which defendants allegedly came into possession of the moneys claimed. We find no merit in the first point. The word "loan" is an expression which denotes the existence of a group of elemental component facts, and is defined in 58 C.J.S., Money Lent, §2, n. 11, at page 876, as follows:

"A 'loan' is the delivery of a sum of money to another under a contract, expressed or implied, to return an equivalent amount with or without an additional sum agreed on for its use."

A verbal expression is no less factual because it represents a group of facts rather than a single elemental fact. In contrast therewith, a conclusion is an averment under which the pleader would be able to offer any conceivable type of evidence. See Hill v. Wertzberger, 9 Chester 425 (C. P., Chester Co., 1960).

Coming now to the last point, we incline to the view that the complaint, under the circumstances of the instant case, fails to set forth the facts under which defendants acquired the moneys claimed with sufficient particularity. In attaining a just disposition of the case, we are confronted by two obstacles: (1) The claim is based on an *oral* contract; and (2) one party is dead and cannot speak as to the terms of the contract, while the surviving individual parties are, by that death, rendered incompetent to do so: Act of May 23, 1887, P. L. 158, sec. 5(e), 28 PS §322; Psinakis v. Psinakis, 177 Pa. Superior Ct. 250 (1955); Sewack's Estate, 59 Lack. Jur. 193 (C. P. Lackawanna Co., 1958). Under these circumstances, plaintiff should meet a standard of particularity at least as high as that presented in Voluck v. Burn Brae Golf, Inc., supra, although that case did not involve application of the Dead Man's Act. There, as here, plaintiff on a number of occasions loaned various sums to a corporation which defendants refused to repay. He averred that he is not sure precisely how much he advanced, because he was refused access to the corporate books and records, but that the total amount was approximately $14,000. He brought a complaint in equity for an accounting, to which defendants filed preliminary objections. The court transferred the action to the law side of the court and sustained other preliminary objections. Judge Griffiths said, at pages 751 and 752:

"Preliminary objections 3 and 4 state that paragraphs 3 and 4 of the complaint . . . fail to set forth when, where or to whom the alleged loans were made, or any terms, or conditions surrounding them . . .

"McNulty and Clancey v. Honse, 41 Westmoreland 231 (1960), while not on all fours with the question here presented, succinctly points up the need for the circumstances surrounding a transaction to be pleaded specifically. There the court stated, on page 232:

" 'Paragraph five of the plaintiff's complaint avers that the defendant and the plaintiff, Adele Clancey, made an oral contract whereby Adele Clancey was authorized to sell the defendant's farm for $30,000.00, but fails to set forth the time, place and date when said oral contract was made. Since the plaintiff's cause of action is founded on said oral contract, the time, place and date when the contract was made should be specifically averred in order to enable the defendant to prepare his defense.'

"In addition, Goodrich-Amram §1019(a)-6, on this point, states as follows:

" 'A complaint based upon a contract must, first, allege whether it is express or implied; second, allege whether any claim is based upon a writing; third, set forth the time, the parties and the manner of entry into an oral contract; fourth, attach a copy of any written contract . . .

" 'In addition, of course, in every suit upon a contract, the complaint should give such details of the circumstances under which the contract was made and performance under the contract as are relevant to the claim . . .' "

In the instant case, the complaint merely alleges:

"4. On the dates hereinafter set forth, Decedent loaned to the Defendants, the sums hereinafter set forth, which the individual Defendants, on their own behalf and on behalf of the Corporate Defendant, agreed to repay the same within a reasonable time. . . ."

It contains no averment as to any relationship between the corporate defendant and the individual defendants. We are not informed as to whether either or both were officers, stockholders, employes or agents of the corporate defendant, nor how, or to whom, the various sums were paid, nor, indeed, the place where these events took place. We think defendants are entitled to more specific pleading along these lines.

. The motion to dismiss will be denied, and the motion for a more specific pleading will be granted.

ORDER

And now, November 12, 1965, preliminary objection in the nature of a motion to dismiss is denied. Preliminary objection in the nature of a motion for more specific pleading is granted, and plaintiff is allowed 20 days to file an amended complaint pursuant to the within opinion.